OPINION
{¶ 1} This appeal is before us on a brief submitted by Defendant-Appellant's attorney, who states that his review revealed no meritorious issues for this court to consider.Anders v. California (1967), 386 U.S. 738. We advised Defendant-Appellant of his attorney's representation and invited him to file a brief pro se.
 {¶ 2} Defendant has filed a brief and assigns a single error; that the trial court erred when it sentenced him to a term of imprisonment longer than the shortest available sentence it was required by R.C. 2929.14(B) otherwise to impose, on a finding of fact neither admitted by him nor made by a jury, in violation of his Sixth Amendment right. Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403; Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 3} Defendant-Appellant was convicted on his pleas of guilty of two counts of Rape, R.C. 2907.02(A), a felony of the first degree. R.C. 2907.02(B). The shortest available sentence the court may impose for a first degree felony offense is three years. R.C. 2929.14(A)(1). The court sentenced Defendant-Appellant to two concurrent four years sentences, which is within the range R.C. 2929.14(A)(1) permits.
 {¶ 4} R.C. 2929.14(B) requires the court to impose the shortest available sentence within a range unless the court makes at least one of several alternative findings of fact. One of those is: "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term." Here, the court found that Defendant-Appellant had previously served a prison term, which authorized the court to impose a sentence greater than the shortest term of three years otherwise prescribed by R.C. 2929.14(B).
 {¶ 5} Blakely and Apprendi hold that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutorily prescribed maximum may not be found by the court, but must either be admitted by the accused or found to exist beyond a reasonable doubt by a jury.
 {¶ 6} Under Ohio's sentencing scheme, the shortest term the court must impose absent a mandated finding is the maximum prescribed term for purposes of Blakely. However, the particular finding the court made that allowed it to then exceed the maximum term it could otherwise impose is expressly excepted by Blakely from among those facts that must be either admitted by a defendant or found by a jury. Therefore, on this record noBlakely violation is possible, and any claim that one might exist is wholly frivolous. Anders.
 {¶ 7} In addition to reviewing the issue raised by Defendant, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Thus, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Fain, J. And Donovan, J., concur.