OPINION
{¶ 1} The defendant-appellant, Terrell H. Jordan ("Jordan"), brings this appeal from the judgment of the Marion County Court of Common Pleas sentencing him to a prison term of five years.
 {¶ 2} On September 30, 2004, the Marion County Grand Jury indicted Jordan on three charges: murder in violation of R.C. § 2903.02(B), a felony of the first degree; involuntary manslaughter in violation of R.C. § 2903.04(A), a felony of the first degree; and possession of a deadly weapon while under detention in violation of R.C. § 2923.131(B), a felony of the third degree. The indictment resulted from a stabbing, which occurred on the morning of August 10, 2004 at the North Central Correctional Institution ("NCCI") where Jordan was incarcerated on an unrelated conviction. Jordan approached another inmate, Ernest Hall ("Hall"), in the yard and stabbed him in the chest with a shank. The shank in this case is a knife made in prison by attaching a sharp piece of metal to the end of a pen. Hall died from his wounds the following day. Hall had been a member of the Crips, one of the NCCI gangs, and had allegedly stolen some of Jordan's belongings from his locker. After confronting gang leaders about the theft, Jordan received threats from members of the Crips and later stabbed Hall.
 {¶ 3} Jordan's trial began on February 8, 2005. During trial, Jordan essentially admitted to the charge of possessing a deadly weapon while under detention. Trial Tr., Jun. 8, 2005, 374-375. Jordan also admitted to stabbing Hall, though he claimed self-defense. See Appellant's Br., Jul. 14, 2005, at 6. The jury apparently believed that Jordan acted in self-defense because on February 11, 2005, the jury returned its verdicts, finding Jordan not guilty of murder or involuntary manslaughter and guilty of possession of a deadly weapon while under detention. The jury specifically found that Jordan was under detention for a first or second degree felony at the time he possessed the deadly weapon.
 {¶ 4} On March 28, 2005, the trial court imposed the statutory maximum sentence of five years in prison to be served consecutively to the sentence Jordan was already serving. Jordan appeals the trial court's sentence and asserts the following assignments of error:
The trial court erred when it failed to support its findings withreasons to justify the order for Defendant-Appellant to serve a maximumsentence.
 The trial court abused its discretion and violated the constitution ofthe United States when it sentenced Defendant-Appellant based on factsnot reflected in the jury's verdict or admitted by Defendant-Appellant.
 {¶ 5} In his first assignment of error, Jordan argues that the trial court failed to state its reasons for finding that he committed the worst form of the offense and posed the greatest risk of committing future crimes. We do not agree.
 {¶ 6} Pursuant to R.C. § 2929.14(C), a trial court may impose a maximum sentence "upon offenders who committed the worst forms of the offense [and] upon offenders who pose the greatest likelihood of committing future crimes[.]" For a third degree felony, an offender may be sentenced to one, two, three, four, or five years in prison. R.C. §2929.14(A)(3). If the trial court imposes the longest term permitted for a single offense, in this case, five years, it is required to "make a finding that gives its reasons for selecting the sentence[.]" R.C. §2929.19(B)(2)(g). The trial court must "orally make its findings and state its reasons on the record at the sentencing hearing." State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 18.
 {¶ 7} In this case, the trial court held a sentencing hearing. On the record, and pursuant to R.C. § 2929.14(C), the trial court found that the shortest prison term would demean the seriousness of the crime and would not adequately protect the public from future crime. Trial Tr. 499:22-25. The trial court found that Jordan had committed the most serious form of the offense and stated, "[o]ften times in these cases, or in a lot of cases, the difference between a routine form of the offense and the worst form of the offense is virtually indistinguishable. That's not the case here." Id. at 500:2-4. The trial court then found that Jordan posed "the greatest likelihood of committing future crimes." Id. at 500:5-6. Thus, the trial court made the appropriate findings under R.C. § 2929.14(C) in order to impose the maximum sentence from within the statutory range.
 {¶ 8} Although the trial court did not couple specific facts with each particular finding, it noted:
another inmate did die as a result of this offense, and that you have — I didn't specifically count `em, but the State says 17 prior felony convictions, that's undoubtedly accurate. I know it's quite a few. Although I have no independent knowledge of the offense that you're currently in prison for, I've not heard a challenge to the notion that you're currently in prison for stabbing a woman 17 times. Also make the finding that every time you've been released from prison you've committed more serious felonies.
Trial Tr. 500:17-25. The fact that Hall died as a result of the stabbing clearly supports the trial court's finding that Jordan committed the worst form of the offense. The remaining facts clearly support that Jordan poses the greatest threat of committing future crimes. The trial court properly stated its findings and reasons therefore on the record during the sentencing hearing. The first assignment of error is overruled.
 {¶ 9} In his second assignment of error, Jordan essentially argues that the trial court erred by sentencing him to any sentence greater than the statutory minimum. The basis of this argument is that without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004), 542 U.S. 296. We have previously addressed this issue in State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-522. In Trubee, we held:
[u]nlike the Washington statute, the sentencing "range" created by R.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of facts reflected in the jury verdict or admitted by thedefendant.". . . Rather it limits a defendant's potential sentence within the statutory range created by R.C. 2929.14(A). Put simply, the facts reflected in a jury verdict convicting a defendant of a third degree felony allow a sentence of up to five years. R.C. 2929.14(B) merely limits judicial discretion in sentencing within that range.
Id. at ¶ 23 (citations omitted). Thus, the holding in Blakely
does not apply to the Ohio sentencing statutes.
 {¶ 10} In this case, the trial court considered all the factors and specifically found, pursuant to R.C. § 2929.14(B), that Jordan was serving a prison sentence at the time of the offense (incidentally, a fact the jury also found when it determined Jordan was guilty of possessing a deadly weapon while under detention), Jordan had served numerous other prison terms, the shortest prison term would demean the seriousness of Jordan's conduct, and the shortest prison term would not adequately protect the public from future crime. Trial Tr., 499: 18-25. The trial court relied on the same facts set forth above in making these findings. See Id. at 500:17-25. Given these facts, the trial court, in its discretion, chose to impose a sentence greater than the minimum, but within the statutory range of possible sentences for a third degree felony. Accordingly, the trial court complied with Ohio's statutory sentencing requirements and did not abuse its discretion in sentencing Jordan. The second assignment of error is overruled.
 {¶ 11} The judgment of the Marion County Court of Common Pleas is affirmed.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.