DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Kristofer Eye, defendant below and appellant herein, pled guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4), a third degree felony.
 {¶ 2} Appellant assigns the following error for review and determination:
"THE TRIAL COURT ERRED BY SENTENCING MR. EYE TO A NON-MINIMUM PRISON SENTENCE BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. EYE. (ENTRY OF SENTENCE FILED MARCH 11, 2005; T.P. 130-121).
 {¶ 3} After appellant pled guilty to gross sexual imposition, and after a presentence investigation, the trial court determined that the shortest available prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crimes. The court then sentenced appellant to serve four years in prison. This appeal followed.
 {¶ 4} The appellant contends, in his sole assignment of error, that the trial court's sentencing determination relied on factual findings that neither a jury had determined nor had the appellant admitted. See R.C. 2929.13(D)(1) and 2929.14(B). In particular, appellant contends that:
"The maximum possible sentence for Mr. Eye's crime was five years. R.C. 2929.14(A)(3). However, in order to sentence Mr. Eye to anything more than the minimum sentence (one year), the trial court was statutorily required to find that the minimum sentence would demean the seriousness of Mr. Eye's conduct or would not adequately protect the public from future crime by Mr. Eye or anyone else. R.C. 2929.14(B). Thus, the real `statutory maximum' — that sentence that could be imposed without any additional findings — was one year. Cf. Blakely,124 S.Ct. at 2537 ("relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but themaximum he may impose without any additional findings") (emphasis added)."
 {¶ 5} Consequently, the appellant asserts that under Blakely v.Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues that Blakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury.
 {¶ 6} Once again we take this opportunity to recognize that Blakely
has caused a great degree of confusion and speculation in both the federal and the state courts and it appears that a division of authority now exists in the Ohio appellate districts. See e.g. State v. Glass,
Cuyahoga App. No. 84035, 2004-Ohio-4912 at ¶ 7; State v. Taylor,
Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; State v. Quinones,
Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30. See, also, State v.Bruce, Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 7} In State v. Scheer, 158 Ohio App.3d 432, 816 N.E.2d 602,2004-Ohio-4792, we concluded that Blakely does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
"Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 8} Thus, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and the Sixth Amendment. See, also, State v. Hardie Washington App. No. 04CA24,2004-Ohio-7277. See, also, State v. Wilson Washington App. No. 04CA18,2005-Ohio-830; State v. Ward Washington App. No. 04CA25, 2005-Ohio-1580. Thus, until the United States Supreme Court or the Ohio Supreme Court address this issue, we will adhere to our ruling in Scheer.[1]
 {¶ 9} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[1] It is our understanding that this issue is now before the Ohio Supreme Court.