OPINION
{¶ 1} Appellant appeals the sentence rendered, by the Licking County Court of Common Pleas, following his pleas of guilty to three counts of trafficking in cocaine, one count possession of cocaine, one count possession of crack cocaine and one count possession of marijuana. The following facts give rise to this appeal.
 {¶ 2} On November 21, 2002, the Licking County Grand Jury indicted appellant, on the above six counts, following an investigation into drug trafficking at a residence located in Newark, Ohio. With the use of a confidential informant, law enforcement officials made controlled buys of crack cocaine. Several of the sales occurred in the vicinity of children.
 {¶ 3} Thereafter, law enforcement officials obtained a search warrant and searched the residence where the sales occurred. During the execution of the search warrant, law enforcement officials discovered marijuana and money believed to have been generated from appellant's sales of illegal drugs.
 {¶ 4} Following his indictment, appellant entered a plea of not guilty. However, on June 4, 2003, appellant withdrew his not guilty plea and entered guilty pleas to each count of the indictment. The trial court sentenced appellant to a prison term of five years. In doing so, the trial court imposed the maximum sentence of five years for Count 4, possession of cocaine, and Count 5, possession of crack cocaine.
 {¶ 5} Appellant timely filed a notice of appeal. However, on June 17, 2004, counsel for appellant filed a brief, pursuant to Anders v.California (1967), 386 U.S. 738, on the basis that there is no meritorious issue for appeal. Counsel for appellant also sought leave to withdraw from the case. In response to the filing of the Anders brief, on August 31, 2004, appellant filed a brief, pro se, raising two assignments of error for our consideration.
 {¶ 6} Thereafter, in April 2005, this Court permitted appellant's counsel to withdraw and ordered the trial court to appoint new counsel to represent him in this matter. The trial court appointed new counsel on April 8, 2005. Both parties waived oral argument and submitted this matter for decision. We will address the assignments of error set forth in theAnders brief, in appellant's pro se brief and the brief filed by appointed counsel on June 27, 2005. These assignments of error are as follows:
 Assignment of Error is Anders Brief {¶ 7} "I. WHETHER THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE FOR CERTAIN OFFENSES UPON APPELLANT LEODITUS SMITH (SMITH) AFTER HIS GUILTY PLEA TO THE ENTIRE INDICTMENT."
 Assignments of Error in Pro Se Brief {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT TO THE MAXIMUM SENTENCE WITHOUT MAKING THE PROPER FINDINGS SUPPORTED BY THE UNDERLYING REASONS AND WITHOUT A JURY FINDING OF THE FACTORS IN OHIO RE. (SIC) CODE ANN. § 2929.12(B-E), AS REQUIRED BY BLAKELY V. WASHINGTON (2004), 542 U.S. (SIC) 124 S. CT. 2531.
 {¶ 9} "II. THE TRIAL COURT ERRED, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION, WHEN IT IMPOSED CUMULATIVE PUNISHMENT FOR THE SAME OFFENSE."
 Assignments of Error in Appointed Counsel's Brief {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCE, AS IT RELIED ON FACTORS OTHER THAN THE APPELLANT'S PRIOR CRIMINAL RECORD.
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE NOT CONSISTENT WITH SENTENCES RECEIVED BY OTHER INDIVIDUALS CHARGED WITH SIMILAR OFFENSES.
 I {¶ 12} The Anders Brief, the First Assignment of Error, in appellant's pro se brief, and the First Assignment of Error in appointed counsel's brief challenge the trial court's imposition of maximum sentences for Counts 4 and 5 of the indictment. The Anders brief concludes the record contains substantial evidence to support the trial court's decision to impose the maximum sentence.
 {¶ 13} However, in his pro se brief, appellant maintains the trial court did not make the required findings necessary to impose the maximum sentences on Counts 4 and 5. Appellant and appointed counsel also contend the imposition of maximum sentences violated the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296. We disagree with these arguments.
 {¶ 14} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. We may not disturb a sentence unless we clearly and convincingly find that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 15} Pursuant to R.C. 2929.14(B), a trial court is required to impose the shortest prison term, for an offense, unless the court makes one of the following findings: (1) the offender was serving a prison term at the time of the offense; (2) the offender has previously served a prison term; (3) the shortest prison term will demean the seriousness of the offender's conduct; (4) the shortest prison term will not adequately protect the public from future crime by the offender or others.
 {¶ 16} However, a trial court is not required to make these findings, under R.C. 2929.14(B), when a court imposes the maximum sentence for an offense. The Ohio Supreme Court explained this in State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, wherein the Court held that "R.C.2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." Id. at syllabus.
 {¶ 17} In the case sub judice, pursuant to R.C. 2929.14(C), the trial court made the requisite findings in support of its decision to impose the maximum sentence for Counts 4 and 5 of the indictment. This statute provides:
 {¶ 18} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 19} At the sentencing hearing, the trial court essentially found that appellant posed the greatest likelihood of committing future crimes based upon his criminal history. The court stated as follows in response to a comment, by the prosecutor, informing the trial court that it needed to set forth its reasons, on the record, for imposing the maximum sentences:
 {¶ 20} "Okay. The — on that basis I would use Mr. Smith's record of prior convictions, which is — and prior arrests. His most recent felony conviction from 1999 with a one-year sentence; and his history of drug-related offenses, which would appear to date through an arrest in December of '94 for aggravated trafficking and drug abuse; February of 1995 for aggravated trafficking abuse; felony drug abuse from April of '97.
 {¶ 21} "And that includes a one-year term for possession of drugs from Franklin County, which commenced in April of 1999. And that would be my basis for the sentence." Tr. Sentencing Hrng., June 4, 2003, at 18.
 {¶ 22} Further, in a judgment entry filed on June 5, 2003, the trial court indicated that:
 {¶ 23} [I]t "* * * has considered the purposes and principles of sentencing set forth in R.C. 2929.11, and the recidivism and seriousness factors listed in R.C. 2929.12. In support of its decision to impose the maximum sentence, pursuant to R.C. 2929.14(C) the Court finds:
 " * * * {¶ 24} "X the defendant poses the greatest likelihood of committing future crimes;
 " * * *" {¶ 25} These findings, by the trial court, concerning appellant's prior criminal history support the court's conclusion that appellant poses the greatest likelihood of committing future crimes. Accordingly, we do not find, by clear and convincing evidence, the trial court erred when it sentenced appellant to the maximum sentence on Counts 4 and 5 of the indictment.
 {¶ 26} Appellant also maintains, under this assignment of error, the trial court's decision to impose the maximum sentence on two of the counts contained in the indictment violated the United State Supreme Court's decision in Blakely. The Blakely decision stands for the proposition that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime and therefore, the domain of the jury. If the sentence is increased beyond the maximum range allowed for the offense, then the facts to support that increase must be presented to a jury, under the beyond a reasonable doubt standard, regardless of whether the state labels such fact as a "sentencing factor" or an "element" of the offense. State v. Henry, Delaware App. No. 2004-CAA-06-047,2004-Ohio-6711, at ¶ 11.
 {¶ 27} This Court specifically rejected the argument made by appellant in State v. Iddings, (Dec. 3, 2004), Delaware App. No. 2004CAA06043. InIddings, we reviewed the Blakely decision and found it "do[es] not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial court's maintain discretion to select a sentence within the range prescribed by the legislature." Id. at ¶ 12.
 {¶ 28} This Court further explained, in Iddings, that:
 {¶ 29} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences (sic) courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. * * *." Id. at ¶ 20-¶ 21.
 {¶ 30} Accordingly, the assignment of error in the Anders brief, appellant's First Assignment of Error, in his pro se brief, and appointed counsel's First Assignment of Error are overruled.
 II {¶ 31} The Second Assignment of Error we will address is the Second Assignment of Error set forth by appellant in his pro se brief. Appellant contends the trial court erred, in violation of the double jeopardy clause, when it imposed cumulative punishment for the same offenses. We disagree.
 {¶ 32} In this assignment of error, appellant raises the issue of whether Counts 4 and 5 of the indictment are allied offenses of similar import. R.C. 2941.25(A) addresses multiple counts and provides as follows:
 {¶ 33} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 34} Further, in State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, the Ohio Supreme court stated the test for determining whether crimes are allied offenses of similar import. The Court held as follows:
 {¶ 35} "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" [Citations omitted.] Id. at 636.
 {¶ 36} A review of the record in this matter establishes that appellant did not raise this issue before the trial court. In State v.Comen (1990), 50 Ohio St.3d 206, the Ohio Supreme Court refused to address the issue of whether aggravated burglary and receiving stolen property were crimes of similar import because the defendant failed to object to the convictions or sentencing at the trial court level. Id. at 211. The Court stated that the defendant's failure to raise the issue in the trial court constituted a waiver of the claimed error. Id. For this same reason, in the case sub judice, we decline to address the argument raised by appellant.
 {¶ 37} Appellant's Second Assignment of Error, in his pro se brief, is overruled.
 III {¶ 38} In the Second Assignment of Error, in appointed counsel's brief, appellant contends the trial court imposed a sentence disproportionate to sentences received by other individuals for similar crimes. We disagree.
 {¶ 39} A review of the record indicates appellant did not raise this argument at the trial court level. Recently, in State v. Patterson,
Cuyahoga App. No. 84803, 2005-Ohio-2003, the Eighth District Court of Appeals held that:
 {¶ 40} "* * * [I]n order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. State v. Breeden, Cuyahoga App. No. 84663, 2005-Ohio-510, ¶ 80, citing State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, ¶ 53-54. Appellant presented no such evidence to the trial court, and there is nothing in the record to indicate that this sentence is impermissibly disproportionate to sentences imposed on similar offenders with similar offenses." Id. at ¶ 12.
 {¶ 41} Accordingly, in the matter currently before the Court, since appellant failed to raise this argument before the trial court, the issue is waived for purposes of appeal.
 {¶ 42} Appellant's Second Assignment of Error, in appointed counsel's brief, is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J.
Farmer, J., concurs.
Hoffman, P.J., concurs separately.