OPINION
{¶ 1} This is an appeal from a judgment of conviction and sentence entered in open court on April 7, 2005. The judgment was journalized on April 11, 2005. Appellant filed notice of appeal May 10, 2005. On June 20, 2005, the Franklin County Public Defender was appointed for purposes of appeal.
 {¶ 2} Appellant raises two assignments of error:
First Assignment of Error: The trial court failed to make statutorily required findings in the prescribed manner to support imposition of a non-minimum sentence for a first offender.
Second Assignment of Error: Imposition of more than the minimum sentence when the defendant had not previously been imprisoned, based on facts not found by a jury nor admitted by the defendant, violated appellant's right to trial by jury as guaranteed by theSixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 3} In his first assignment of error, appellant argues that the trial court failed to make the statutorily required findings to support imposition of more than a minimum sentence in open court within the defendant's presence. See R.C. 2929.14(B) andState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Appellant asks that we exercise our original jurisdiction under Article IV, Section 3(B)(1)(f) of the Ohio Constitution to reduce the sentence to six months.[1] In the alternative, appellant asks that the case be remanded for re-sentencing. Appellee concedes that the trial court's findings were made out of the presence of the defendant and suggests that the case should be remanded for re-sentencing.
 {¶ 4} We have held that, when a trial court makes findings that are statutorily required to support a sentence that is more than the minimum authorized by law, those findings must be made on the record in the presence of the defendant. State v.Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783, at ¶ 13. Here, the trial court placed reasons for the sentence on the record, but only after the defendant had been removed from the courtroom. Therefore, the first assignment of error is sustained and this case is remanded for re-sentencing. Comer; Sanchez,
supra.
 {¶ 5} In his second assignment of error, appellant argues that a sentence of more than the minimum authorized by law violates his right to trial by jury under the Sixth Amendment and Article 1, Section 10 of the Ohio Constitution. Appellant relies upon the decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348; Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428; and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. Appellant theorizes that, because he entered a guilty plea, no jury could be impaneled to determine facts upon which sentence could be imposed. As a result, appellant concludes that the trial court was required to impose only the minimum sentence provided by law.
 {¶ 6} Initially, we note that appellant did not raise his constitutional claim below. Therefore, ordinarily, this claim would be reviewed under a plain error standard. United States v.Ameline (C.A.9, 2004), 376 F.3d 967, 978-979. However, the plain error standard need not be employed in this case. Even if properly raised and preserved in the trial court, the second assignment of error lacks merit.
 {¶ 7} We have held that the line of cases culminating inBlakely does not prohibit the imposition of non-minimum or consecutive sentences that are authorized under the Ohio sentencing statutes. State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. In so ruling, we are in accord with decisions in ten of Ohio's twelve appellate districts. See Statev. Jordan, Marion App. No. 9-05-15, 2005-Ohio-5039 (3rd
District); State v. Eye, Washington App. No. 05CA13,2005-Ohio-5317 (4th District); State v. Smith, Licking App. No. 04 CA 11, 2005-Ohio-5473 (5th District); State v.Johnson, Lucas App. No. L-04-1258, 2005-Ohio-5459 (6th
District); State v. Davis, Cuyahoga App. No. 85477,2005-Ohio-5544 (8th District); State v. Wright, Summit App. No. 22599, 2005-Ohio-5496 (9th District); State v.Anderson, Lake App. No. 2004-L-157, 2005-Ohio-4896 (11th
District); and State v. Borders, Clermont App. No. CA2004-12-101, 2005-Ohio-4339 (12th District). Only the First and Second Districts have applied Blakely to mandate minimum sentences under Ohio law. See State v. Weber, Hamilton App. No. C-040820, 2005-Ohio-4854 (1st District); and State v.Frierson, Montgomery App. No. 20535, 2005-Ohio-4199 (2nd
District).
 {¶ 8} We continue to adhere to our holding in Abdul-Mumin.Blakely does not render unconstitutional a sentence greater than the minimum sentence or consecutive sentences that are authorized under Ohio law. Therefore, even were appellant's petition not time barred, the argument that his sentence is constitutionally infirm has no merit. The second assignment of error is overruled.
 {¶ 9} For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is overruled. Therefore, this case is remanded to the Franklin County Court of Common Pleas for re-sentencing.
Judgment reversed and remanded for re-sentencing.
Sadler and Brown, JJ., concur.
[1] See, also, R.C. 2953.08, which provides a specific right of appeal from certain sentences in criminal cases.