OPINION
{¶ 1} Appellant Leoditus A. Smith appeals the sentence rendered by the Licking County Court of Common Pleas, following a Foster remand. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 21, 2002, the Licking County Grand Jury indicted appellant on three counts of trafficking in cocaine, one count possession of cocaine, one count possession of crack cocaine and one count possession of marijuana, following an investigation into drug trafficking at a residence located in Newark, Ohio.
 {¶ 3} Following his indictment, appellant entered a plea of not guilty. However, on June 4, 2003, appellant withdrew his not guilty plea and entered guilty pleas to each count of the indictment. The trial court sentenced appellant to an aggregate prison term of five years. In doing so, the trial court imposed the maximum sentence of five years for Count 4, possession of cocaine, and Count 5, possession of crack cocaine, both third-degree felonies.
 {¶ 4} Appellant timely filed a notice of appeal. However, on June 17, 2004, appellant's then-counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In response to the filing of the Anders brief, on August 31, 2004, appellant filed a brief, pro se, raising two assignments of error. This Court later permitted appellant's counsel to withdraw and ordered the trial court to appoint new counsel to represent him. We thereafter affirmed appellant's sentence. See State v. Smith, Licking App. No. 04 CA 11. 2005-Ohio-5473.
 {¶ 5} Appellant thereupon appealed to the Ohio Supreme Court. Pursuant to In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109, the *Page 3 
case was remanded to the trial court for a sentencing hearing in accordance with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, a new sentencing hearing was conducted by the trial court on June 23, 2006. Appellant received the same sentence as had been issued originally in 2003, to wit: Count 1 — one year in prison; Count 2 — one year in prison; Count 3 — six months in prison; Count 4 — five years in prison and $5,000 fine; Count 5 — five years in prison and $5,000 fine; Count 6 — $100 fine. All counts were ordered to run concurrently.
 {¶ 6} Appellant filed a notice of appeal on a delayed basis on August 1, 2006. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN THE SENTENCE IMPOSED ON SMITH AFTER THE REMAND OF HIS CASE PURSUANT TO STATE V.FOSTER."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court abused its discretion in sentencing him following theFoster-based remand. We disagree.
 {¶ 9} In, Foster, supra, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, we recognized that the Foster Court's removal of R.C.2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v.Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. BecauseFoster "vest[ed] sentencing judges with full *Page 4 
discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard. State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. However, post-Foster, trial courts are still required to "consider" the general guidance factors contained in R .C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v.Diaz, Lorain App. No. 05CA008795, 2006-Ohio3282, ¶ 8.
 {¶ 10} We note the trial court sentenced appellant within the statutory range for the offenses at issue. Appellant, without caselaw support, urges that the trial court should have taken his purportedly good conduct since incarceration into greater account as part of the consideration factors under R.C. 2929.12(D) and (E).[1] However, upon our review of the record before us, we are unpersuaded the trial court abused its discretion in deciding appellant's sentence appellant upon remand. *Page 5 
 {¶ 11} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 By: Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.
[1] For example, appellant's counsel indicated at the remanded sentencing hearing that appellant has been in the minimized-security "honor dorm" section of Noble Correctional, and that he hopes to pursue barber training and join his father's shop in the future. Tr. at 7-8. *Page 1