OPINION
{¶ 1} Carol D. Semala appeals from the trial court's judgment entry of sentence. We affirm.
 {¶ 2} Appellant was indicted on seven counts stemming from her attempts to murder her husband's mistress by firebombing her apartment, to wit: two counts of aggravated arson, first degree felonies, R.C.2909.02(A)(1); two counts of aggravated arson, second degree felonies, R.C. 2909.02(A)(2); two counts of attempted murder, first degree felonies, R.C. 2923.02; and one count of conspiracy to commit murder, a first degree felony, R.C. 2923.01(A)(1).
 {¶ 3} Appellant subsequently pleaded guilty to two amended charges: one count of aggravated arson, R.C. 2909.02(A)(1); and one count of attempted murder, R.C. 2923.02 and 2903.02; both first degree felonies. The trial court entered a nolle prosequi on the remaining counts set forth in the indictment.
 {¶ 4} Following a hearing, the trial court sentenced appellant to serve a prison term of nine years on each amended count, with the sentences to run consecutively. Appellant appealed her sentence and we reversed, finding the trial court failed to set forth its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).State v. Semala, 11th Dist. No. 2001-L-163, 2002-Ohio-6579, at ¶ 12.
 {¶ 5} On remand, the trial court amended its judgment entry of sentence, again sentencing appellant to consecutive nine-year terms and setting forth its reasons for imposing consecutive sentence. Appellant appeals from the amended judgment entry of sentence raising two assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more than the minimum prison term and consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."[1]
 {¶ 8} In her first assignment of error appellant contends there was insufficient evidence to support the imposition of consecutive sentences. Appellant directs us to her pre-sentence report, which she claims presents evidence in mitigation of the imposition of consecutive sentences. She argues this report demonstrates she suffered from severe drug and alcohol addiction and various psychological disorders. Appellant also contends she does not have a history of violent crime.
 {¶ 9} We review a felony sentence de novo. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 10} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} We first note the trial court did not find appellant had a history of committing violent crimes but only a history of criminal conduct. The record supports this finding as appellant had a prior conviction for theft.
 {¶ 16} Appellant contends her history of drug and alcohol abuse serves to mitigate the seriousness of her conduct. We disagree. While the record establishes appellant has a history of drug and alcohol abuse as well as emotional disorders, these facts do not serve to mitigate the crimes at issue. Appellant caused another person and her minor son to firebomb two apartments. On appeal, she fails to explain how her drug and alcohol abuse mitigate the harm caused by her conduct, make her conduct less serious, or make her less likely to commit crimes in the future. Thus, we cannot say the trial court erred by imposing consecutive sentences and appellant's first assignment of error is without merit.
 {¶ 17} In her second assignment of error, appellant contends her sentences are constitutionally infirm based on the United States Supreme Court's decision in Washington v. Blakely (2004), 124 S.Ct. 2531. We disagree.
 {¶ 18} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which Blakely pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could augment the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 19} The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. The court emphasized that the statutory maximum is "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Id. at 2537. (Emphasis sic.)
 {¶ 20} Here, appellant pleaded guilty to two first-degree felonies. The minimum statutory prison term for a first-degree felony is three years; the maximum term is ten years. The trial court imposed consecutive nine-year sentences.
 {¶ 21} R.C. 2929.14(B) states:
 {¶ 22} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 23} "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term.
 {¶ 24} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 25} Appellant had never served a prison term; thus, to support its upward departure from the statutorily required three-year sentence, the trial court had to find the shortest prison term would demean the seriousness of appellant's conduct or not adequately protect the public from future crime.
 {¶ 26} Appellant contends the statute prescribes a three-year term of imprisonment so long as she was not serving a prison term at the time of the offense or had not previously served a prison term. To overcome this presumption, the court must engage in a fact-finding process. The facts permitting the upward departure, however, were neither admitted by appellant nor charged in the indictment; by implication, the R.C.2929.14(B)(2) facts were not reflected in the jury's verdict. Appellant concludes R.C. 2929.14(B) violates Blakely and therefore she was entitled to a three-year sentence.
 {¶ 27} Appellant's argument suggests Blakely acts to eliminate sentencing discretion. On the contrary, Blakely indicates a sentencing judge may exercise his discretion precisely to the extent doing so does not impinge upon the "jury's traditional function of finding the facts essential to lawful imposition of the penalty." Blakely, supra at 2540. Due Process "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York (1977), 432 U.S. 197, 210. As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process. Thus, "judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments." Harris v. United States
(2002), 536 U.S. 545, 558.
 {¶ 28} It bears noting, "legislative bodies do not have the unfettered discretion to lessen the government's burden of proof of a criminal charge simply by characterizing a factor as a penalty consideration rather than as an element of the offense." United States v. Rigsby
(1991), 943 F.2d 631, 641. However, not every fact bearing on sentencing must be found by a jury. Jones v. United States (1999), 526, U.S. 227, 248. Since the inception of "sentencing ranges," judges have regularly considered uncharged factors, whether aggravating or mitigating, that, while increasing the defendant's punishment, have not transcended the limits of the specified punishment under the law. Harris, supra, at 562.
 {¶ 29} Citing Bishop, Criminal Procedure, section 85, at 54, the United States Supreme Court stated:
 {¶ 30} "`Where the law permits the heaviest punishment on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances. The aggravating circumstances spoken of cannot swell the penalty above what the law has provided for the acts charged against the prisoner, and they are interposed merely to check the judicial discretion in the exercise of the permitted mercy. This is an entirely different thing from punishing one for what is not alleged against him.'" Harris, supra, 561-562
 {¶ 31} Because the factors in question fit within this description, the general assembly's choice to entrust them to the judge does not improperly trespass on a defendant's Sixth Amendment right to a jury trial. Id.
 {¶ 32} The General Assembly has made it clear the R.C. 2929.14(B)(2) findings are sentencing factors. Upon her plea, appellant was subject, by law, to a sentence between three and ten years on each count. Through the guidance of certain statutorily denoted "aggravating" circumstances, the court sentenced appellant to two nine-year terms. Because the R.C.2929.14(B)(2) sentencing factors do not empower a court to "swell the penalty above what the law has provided," appellant is not entitled to have these facts charged, heard by a jury, and proved beyond a reasonable doubt. See, State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239, ¶ 77-83 (rejecting application of Blakely to sentence of greater than the minimum possible term.)
 {¶ 33} Nor does the trial court's imposition of consecutive sentences violate the rule set forth in Blakely.
 {¶ 34} In Apprendi v. New Jersey (2000) 530 U.S. 466, 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Blakely refined the Apprendi rule when it held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in a juryverdict or admitted by the defendant." (Emphasis sic.)
 {¶ 35} Appellant argues her consecutive sentences went beyond the statutory maximum for Apprendi purposes because the trial court made factual findings under R.C. 2929.14(E)(4) to support the imposition of consecutive sentences. Appellant concludes that because she neither admitted these additional facts nor were they found by a jury, her constitutional right to trial by jury was violated.
 {¶ 36} Blakely and Apprendi are distinguishable from the instant case, as they deal with sentencing for a single crime. Ohio courts have consistently held Apprendi does not apply to consecutive sentence as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See, State v. Carter, 6th Dist. No. L-00-1082, 2002-Ohio-3433 at ¶ 25 (holding appellant's two eight-year consecutive sentences for rape did not violate Apprendi because each sentence was within the ten-year statutory range for a single offense. Accord, Statev. Gambrel (Feb. 2, 2001), 2nd Dist. No. 2000-CA-29, 2001 Ohio App. LEXIS 339 at 14; State v. Brown, 2nd Dist. No. 18643, 2002-Ohio-277, 2002 Ohio App. LEXIS 211, at 15 (maximum sentence); State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920. Federal courts have also held consecutive sentences do not conflict with Apprendi. See, United States v. Wingo
(C.A.6, 2003), Case Nos. 01-1669 01-1961, 2003 U.S. App. LEXIS 18828, at 12; United States v. Sauceda (C.A. 6, 2002), Case No. 01-2340, 2002 U.S. App. LEXIS 19118, at 3-4. Nothing in Blakely changes this rule.
 {¶ 37} In this case, appellant's individual sentences are each less than the statutory maximum. Thus, Blakely does not apply to appellant's sentence. State v. Taylor, 11th Dist. No. 2003-L-165, 2004-Ohio-5939.
 {¶ 38} Appellant's second assignment of error is without merit.
 {¶ 39} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Judith A. Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concurs, with Concurring Opinion,
William M.O'Neill, J., dissents with Dissenting Opinion.
[1] We granted appellant leave to supplement her brief with this assignment of error while this appeal was pending.