OPINION
{¶ 1} Appellant, Willis Anderson, appeals from a sentencing judgment issued by the Lake County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Following a jury trial, appellant was found guilty on three counts of corrupting another with drugs, each count being a fourth degree felony in violation of R.C. 2925.02(A)(4)(a). The court then entered judgment accordingly and proceeded to conduct a sentencing hearing. Subsequently, the court issued a judgment entry sentencing appellant to prison terms of thirteen months each, on two of the three counts of corrupting another with drugs. These prison terms were to run concurrently to each other. The court also sentenced appellant to a thirteen-month prison term on the third count of corrupting another with drugs. This prison term was to run consecutive to the concurrent prison terms. The court's sentence represented an aggregate prison term of twenty-six months.
 {¶ 3} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 4} "The trial court's imposition of consecutive sentences upon Appellant based upon findings not made by a jury nor admitted by Appellant is contrary to law and violates Appellant's right to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution."
 {¶ 5} Under his sole assignment of error, appellant contends that, perBlakely v. Washington (2004), 124 S.Ct. 2531, the trial court erred by sentencing him to consecutive prison terms. We disagree.
 {¶ 6} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which the defendant pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could enlarge the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 7} The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. The court defined the statutory maximum as "the maximum sentence a judge may impose solelyon the basis of the facts reflected in the jury verdict or admitted bythe defendant." Id. at 2537. (Emphasis sic.)
 {¶ 8} Appellant argues that the court's imposition of consecutive sentences exceeded the statutory maximum and was based upon findings not made by the jury or admitted by appellant, thereby violating Blakely and depriving him of due process.
 {¶ 9} A court may impose a consecutive sentence for multiple offenses if it finds that the following three statutory factors under R.C. 2929.14(E)(4) are present: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the enumerated circumstances under R.C. 2929.14(E)(4)(a) through (c) exist. Pursuant to R.C. 2929.14(E)(4)(a) through (c), the court must find that "the offender committed one or more of the multiple offenses while the offender was * * * under a sanction * * * [; that] at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct[; or that] the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} In the case sub judice, the court found that consecutive sentences were necessary to protect the public from future crime or to punish appellant and are not disproportionate to the seriousness of his conduct and the danger he poses to the public. The court further found that the harm caused by appellant's multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of his conduct.
 {¶ 11} Despite the court's findings with respect to the statutory sentencing factors, this court has consistently held that a sentencing court's imposition of consecutive sentences does not violate the rule set forth in Blakely. See, e.g., State v. Taylor, 158 Ohio App.3d 597,2004-Ohio-5939, at ¶ 26. See, also, State v. Allen, 11th Dist. No. 2004-L-038, 2005-Ohio-1415, at ¶ 29; State v. Semala; 11th Dist. No. 2003-L1-28, 2005-Ohio-2653, at ¶ 37. In doing so, we noted that Blakely
is distinguishable from the instant case where consecutive sentences have been issued for multiple crimes. Specifically, we noted that Blakely
dealt with sentencing for a single crime. See, e.g., Semala at ¶ 36. Therefore, Blakely does not apply to consecutive sentences "as long as the sentence does not exceed the statutory maximum for each individual underlying offense." Semala at ¶ 36.
 {¶ 12} Here, appellant was sentenced to a thirteen-month prison term on each count of corrupting another with drugs. Each count represented a fourth degree felony. For a fourth degree felony, the maximum prison term that the court could sentence appellant to was eighteen months. Accordingly, the court's sentence of thirteen-month prison terms on each of the underlying offenses did not exceed the eighteen month statutory maximum. Thus, the court's imposition of consecutive sentences did not violate Blakely or appellant's right to due process.
 {¶ 13} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the trial court's sentencing judgment.
Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concurs, O'Neill, J., dissents with Dissenting Opinion.