OPINION
{¶ 1} Appellant, Frank Z. Swiderski, appeals from the judgments of the Lake County Court of Common Pleas, sentencing him to an aggregate prison term of thirty months and adjudicating him as a sexual predator. For the following reasons, we affirm.
 {¶ 2} On July 1, 2003, the Lake County Grand Jury indicted appellant on eight counts of gross sexual imposition, each count a fourth degree felony in violation of R.C. 2907.05(A)(1); three counts of pandering sexually oriented matter involving a minor, each count a fourth degree felony in violation of R.C.2907.322(A)(5); and four counts of pandering obscenity involving a minor, each count a fourth degree felony in violation of R.C.2907.321(A)(5). At his arraignment, appellant pleaded not guilty to the foregoing charges.
 {¶ 3} On January 12, 2004, appellant entered a written guilty plea to one count of gross sexual imposition and two counts of pandering sexually oriented material involving a minor. The written guilty plea did not include a recommended sentence.
 {¶ 4} During a change of plea hearing, the court advised appellant of his constitutional and non-constitutional rights incident to trial. Appellant acknowledged that he understood these rights and that his guilty plea would act to waive these rights. The court then accepted appellant's guilty plea and convicted him on one count of gross sexual imposition and two counts of pandering sexually oriented matter.
 {¶ 5} This matter proceeded to a sentencing hearing and sexual offender classification hearing, which were held contemporaneously. During the hearing, the court considered the testimony and report of Dr. John Fabian ("Dr. Fabian"), and the report of Dr. Michael Arnoff ("Dr. Arnoff"), regarding two separate psychological evaluations of appellant. Also, the court considered the submitted pre-sentence investigation report.
 {¶ 6} The evidence established that appellant's convictions were based upon his improper sexual contact with a foreign exchange student and his possession of pornographic pictures depicting minor males engaging in various sexual activities. The victim of the improper sexual contact was a seventeen-year-old, male foreign exchange student. Appellant was acting as the victim's host parent when the improper sexual contact occurred.
 {¶ 7} At the conclusion of the hearing, the court discussed the relevant sentencing and recidivism factors and pronounced its sentence. The court sentenced appellant to a fifteen-month prison term on each of the two counts of pandering sexually oriented material, with the prison terms to run concurrently. The court also sentenced appellant to a fifteen-month prison term on the single count of gross sexual imposition. The fifteen-month prison term for gross sexual imposition was to be served consecutive to the concurrent fifteen-month prison term for pandering sexually oriented material.
 {¶ 8} On June 24, 2004, the court issued a judgment entry which re-stated its findings and sentence. The judgment entry also included the court's determinations with respect to appellant's sexual offender classification. Based upon its findings, the court adjudicated appellant as a sexual predator.
 {¶ 9} From this judgment, appellant filed a timely notice of appeal and now sets forth the following five assignments of error:
 {¶ 10} "[1.] The trial court's sentence violated Blakely v.Washington * * * and the case must be remanded for a new sentencing hearing.
 {¶ 11} "[2.] The trial court's consecutive sentence violated the Ohio Supreme Court's requirement that consecutive sentences are reserved for the worst offenses and worst offenders pursuant to State v. Comer * * *.
 {¶ 12} "[3.] The court's conclusion that the appellant is not amenable to an available community control sanction is not supported by the record.
 {¶ 13} "[4.] The trial court failed to ensure that the 30 month sentence imposed on the appellant was consistent with similar sentences imposed on similar offenders in violation of R.C. 2929.11(B).
 {¶ 14} "[5.] The evidence is insufficient to sustain a finding that the appellant is a sexual predator."
 {¶ 15} Under his first assignment of error, appellant contends that, per Blakely v. Washington (2004),124 S.Ct. 2531, the trial court erred by sentencing him to a non-minimum prison term and consecutive prison terms. We disagree.
 {¶ 16} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which the defendant pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could enlarge the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 17} The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. The court defined the statutory maximum as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by thedefendant." (Emphasis sic.) Id. at 2537.
 {¶ 18} Appellant maintains that the court's imposition of non-minimum prison terms and consecutive prison-terms exceeded the statutory maximum. Therefore, appellant concludes that, in exceeding the statutory maximum, the court made statutory findings not made by a jury or admitted by appellant, thereby violating Blakely and depriving him of due process.
 {¶ 19} With respect to the non-minimum prison terms, appellant was convicted on three separate fourth degree felonies. The statutory minimum prison-term for a fourth degree felony is six months, while the statutory maximum prison-term is eighteen months. The trial court sentenced appellant to prison terms of fifteen months on each fourth degree felony.
 {¶ 20} R.C. 2929.14(B) states:
 {¶ 21} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 22} "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term.
 {¶ 23} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 24} To support its upward departure from the minimum prison-terms, the court relied upon a finding that the shortest prison terms would demean the seriousness of appellant's conduct and not adequately protect the public from future crime.
 {¶ 25} This court has previously not applied the holding ofBlakely to the sentencing factors of R.C. 2929.14(B). In doing so, we have concluded that the Blakely holding does not render the trial court's findings with respect to these factors constitutionally infirm. See, e.g., State v. Fielder, 11th Dist. No. 2003-L-190, 2005-Ohio-3388; State v. Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653; State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239. We have provided the following explanation:
 {¶ 26} "In State v. Morales, 11th Dist. No. 2003-L-025,2004-Ohio-7239, we began our analysis by noting that Blakely
and the prior case law of the United States Supreme Court had not had the effect of depriving a trial judge of the discretion to consider aggravating circumstances in deciding the length of a defendant's sentence; instead, the Blakely decision only held that a trial judge cannot make a factual finding which would result in the imposition of a sentence longer than the maximum prison term permissible under the jury verdict. In other words, we concluded that, under Blakely, the Sixth Amendment right to a jury trial had no application so long as the trial judge was imposing a sentence within the general range of terms permissible based upon the jury verdict. The Morales court then held that the factors set forth in R.C. 2929.14(B) were similar in nature to aggravating circumstances because a trial court's finding concerning the existence of one of the two factors in a particular case only meant that a longer term within the acceptable range could be imposed. As a result, the Morales
court ultimately held that the procedure under R.C. 2929.14(B) did not constitute a violation of the basic constitutional right to a jury trial." Fielder at ¶ 44.
 {¶ 27} The clear precedent of this court establishes that the trial court's use of the sentencing factors under R.C. 2929.14(B) did not constitutionally invalidate its imposition of non-minimum prison terms. Instead, the trial court obtained proper statutory authority to impose prison terms which were longer than the statutory minimum when it made the appropriate findings under R.C. 2929.14(B). This portion of appellant's first assignment of error is not well-taken.
 {¶ 28} Likewise, the court's imposition of consecutive prison-terms was not constitutionally invalid per Blakely. When imposing consecutive sentences, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C.2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573.
 {¶ 29} In the case sub judice, the court found that consecutive prison-terms were necessary to protect the public from future crime or to punish appellant and are not disproportionate to the seriousness of his conduct and the danger he poses to the public. The court further found that the harm caused by appellant's multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of his conduct.
 {¶ 30} Despite the court's findings with respect to the statutory sentencing factors, this court has consistently held that a sentencing court's imposition of consecutive sentences does not violate the rule set forth in Blakely. See, e.g.,State v. Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 26. See, also, State v. Allen, 11th Dist. No. 2004-L-038,2005-Ohio-1415, at ¶ 29; Semala at ¶ 37. In doing so, we noted that Blakely is distinguishable from the instant case where consecutive sentences have been issued for multiple crimes. Specifically, we noted that Blakely dealt with sentencing for asingle crime. See, e.g., Semala at ¶ 36. Therefore, Blakely
does not apply to consecutive sentences "as long as the sentence does not exceed the statutory maximum for each individual underlying offense." Id.
 {¶ 31} The court sentenced appellant to prison terms of fifteen months on each of the individual underlying fourth degree felonies. As noted previously, the statutory maximum prison-term for a fourth degree felony is eighteen months. Thus, the trial court's imposition of fifteen-month prison terms did not exceed the statutory maximum. This portion of appellant's first assignment of error is also not well-taken.
 {¶ 32} Appellant's first assignment of error is without merit.
 {¶ 33} Appellant's second, third, and fourth assignments of error challenge the validity of the court's felony sentence. In examining these assignments of error, we note that, under R.C.2953.08, our review of a felony sentence is de novo. State v.Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 3. However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 34} Under his second assignment of error, appellant maintains that the court's consecutive prison-terms were not justified as he did not commit the worst offense nor was he the worst offender. Instead, appellant contends that an examination of certain statutory factors under R.C. 2929.12(E) establishes a low likelihood of recidivism. Thus, appellant concludes that the court erred in issuing consecutive prison-terms.
 {¶ 35} In arguing that the court was required to specifically find that appellant was the worst offender or committed the worst offense, appellant relies upon the following statement by the Ohio Supreme Court:
 {¶ 36} "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 21.
 {¶ 37} Such reliance is misplaced. The Court's general statement did not mandate a specific finding by the trial court that a defendant committed the worst offense or was the worst offender. Instead, taken in full context, the statement merely established that the trial court's application of R.C.2929.14(E)(4) will ensure that consecutive sentences are reserved for the worst offenses and offenders. Id. at ¶ 13-21. A review of the statutory factors under R.C. 2929.14(E)(4) demonstrates that the court was not required to find that appellant was the worst offender or that he committed the worst offense prior to imposing consecutive prison-terms.
 {¶ 38} The only instance in which R.C. 2929.14 requires the trial court to find that the defendant committed the worst form of the offense is under R.C. 2929.14(C). R.C. 2929.14(C) requires the trial court to find that the defendant committed the worst form of the offense before imposing the maximum prison-term.
However, as stated previously, the statute does not require this finding when imposing a consecutive prison-term per R.C.2929.14(E)(4).
 {¶ 39} Nevertheless, the court was obligated to follow the requirements set forth in R.C. 2929.19(B) when sentencing appellant to consecutive prison-terms. Specifically, R.C.2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive prison-terms by making findings that give the court's reasons for selecting that particular sentence.
 {¶ 40} In the past, this court has held that the findings mandated by R.C. 2929.19(B)(2)(c) and 2929.14 "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing." State v. Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 Ohio App. LEXIS 5813, at 6. In Comer, however, the Ohio Supreme Court held that when ordering a defendant to serve consecutive sentences, the trial court must also make its statutorily required findings at the sentencing hearing. Id. at paragraphs one and two of the syllabus.
 {¶ 41} In the case sub judice, the court sentenced appellant to two consecutive fifteen-month prison terms. As stated under appellant's first assignment of error, the court set forth its findings pursuant to R.C. 2929.14(E)(4), at the sentencing hearing, and as part of its sentencing entry.
 {¶ 42} With respect to the aforementioned findings, the court provided the following reasons in support: (1) the victim was a foreign exchange student and appellant used his position of authority as a host parent to facilitate the offenses; (2) appellant used manipulation and acts of intimidation to assist in committing these offenses; and (3) appellant has admitted to a long history of sexual criminal conduct.
 {¶ 43} The foregoing demonstrates the court's compliance withComer and the statutory prerequisites for issuing consecutive sentences. The court's findings and reasons for issuing consecutive sentences are substantiated by the record and were made part of the sentencing entry and sentencing hearing. Thus, this portion of appellant's second assignment of error is not well-taken.
 {¶ 44} Moreover, the trial court was required to consider the recidivism factors of R.C. 2929.12(E). The trial court stated that it had considered the recidivism factors of R.C. 2929.12(E) and balanced its consideration of such factors against its findings and the principles and purposes of sentencing. In doing so, the court ultimately determined that certain factors demonstrating a low likelihood of recidivism were outweighed by those factors justifying a consecutive prison-term.
 {¶ 45} The trial court was in the best position to evaluate and balance the relevant statutory factors when determining appellant's sentence. As a result, we will not substitute our judgment for that of the trial court's when there is clear and convincing evidence supporting its findings and when the sentence is not otherwise contrary to law. See, e.g., Thomas;Bradford. Here, the court, within its wide sentencing discretion, determined that despite its consideration of recidivism factors, a consecutive prison-term was necessary. Because the record supports the court's findings and because the sentence was not contrary to law, the court did not err in issuing a consecutive prison-term. This portion of appellant's second assignment of error is also not well-taken.
 {¶ 46} Appellant's second assignment of error is without merit.
 {¶ 47} Under his third assignment of error, appellant maintains that the court erred in concluding that appellant was not amenable to an available community control sanction. Specifically, appellant argues that the court failed to consider the availability of specific community control sanctions and whether appellant was willing to submit to community control.
 {¶ 48} When imposing a sentence for a felony of the fourth or fifth degree, the trial court must determine if one of the factors enumerated in R.C. 2929.13(B)(1) is present. This statute provides that:
 {¶ 49} "In sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 50} "* * *
 {¶ 51} "(d) The offender held a public office or position of trust and the offense related to that office or position[.]"
 {¶ 52} If the trial court finds that (1) one of the foregoing factors is present; (2) that a prison term is consistent with the purposes of sentencing; and (3) that the defendant is not amenable to community control sanctions, a prison term must be imposed. R.C. 2929.13(B)(2)(a). In making these determinations, the court must consider all relevant factors, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E). R.C. 2929.12(A).
 {¶ 53} In the case sub judice, the court found that a prison sentence was consistent with the purposes of sentencing and that appellant was "not amenable to an available community control sanction." And the trial court found that appellant had facilitated the offense by abusing his position of trust as a host parent of the victim. The court also noted that it had considered all relevant factors including the recidivism factors of R.C. 2929.12(B).
 {¶ 54} The trial court clearly considered all relevant statutory factors prior to determining that appellant was not amenable to community control and adequately stated its findings. Thus, the court did not err in sentencing appellant to a prison term rather than community control. Appellant's third assignment of error is without merit.
 {¶ 55} Under his fourth assignment of error, appellant contends that the trial court failed to ensure that its thirty-month prison term was consistent with sentences for similar offenses. Appellant maintains that the trial court ignored evidence presented at the hearing of similar cases in which the trial court's sentence did not include a prison term. Therefore, appellant concludes that the court failed to adhere to the sentencing consistency requirement of R.C. 2929.11(B).
 {¶ 56} We agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g., State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30. Accordingly, "it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing." Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. State v. Spellman,160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12. Specifically, we stated:
 {¶ 57} "We agree with the rationale of the Lyons court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, we note, as that court did, that the trial court is required to make its sentencing decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed." Id.
 {¶ 58} In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. As discussed previously, the court properly applied and considered the necessary statutory sentencing factors before issuing appellant's sentence. Moreover, the court's findings were supported by clear and convincing evidence. Thus, the court's sentence met the consistency requirement as espoused by R.C.2929.11(B). Appellant's fourth assignment of error is without merit.
 {¶ 59} Under his fifth assignment of error, appellant contends that the trial court erred in adjudicating him as a sexual predator. In support of this contention, appellant maintains that several factors, including his age and the absence of a prior criminal record, establish a low likelihood of recidivism. Thus, appellant argues that the court's sexual predator adjudication was not based upon clear and convincing evidence.
 {¶ 60} R.C. 2950.01(E)(1) defines a sexual predator as a person who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In applying the sexual predator definition, a common pleas court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. See, also,State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247.
 {¶ 61} To assist a common pleas court in determining the second prong of the sexual predator definition, specifically, whether appellant is likely to engage in the future in one or more sexually oriented offenses, R.C. 2950.09(B)(3)(a)-(j) sets forth a list of nonexclusive factors that the court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 62} Here, the record demonstrates that the common pleas court considered the factors of R.C. 2950.09(B)(3), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant satisfied both prongs of the sexual predator definition. In particular, the court noted that appellant had pleaded guilty to a sexually oriented offense as defined by R.C. Chapter 2950. The trial court then proceeded to the second prong of its sexual predator classification and provided the following analysis of the requisite factors under R.C. 2950.09(B)(3):
 {¶ 63} "a.) The defendant was sixty-eight (68) years of age at the time of the offense;
 {¶ 64} "b.) The defendant has no prior criminal record;
 {¶ 65} "c.) The victim of the sexually oriented offense for which sentence was imposed was between seventeen (17) and eighteen (18) years of age at the time of the crime;
 {¶ 66} "d.) The sexually oriented offense for which the sentence was imposed involved multiple victims:
 {¶ 67} "1) On Count 1 — the offense involved one (1) victim;
 {¶ 68} "2) On Counts 9 and 10, the Court finds multiple victims depicted in the images of child pornography;
 {¶ 69} "e.) The defendant did not use drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 70} "f.) The defendant has no prior offenses and, therefore has no prior treatment;
 {¶ 71} "g.) The defendant does have a mental illness or mental disability, to-wit: per Dr. Fabian's report, the defendant has traits of obsessive/compulsive disorder, traits of pedophilia and traits of ephebophilia;
 {¶ 72} "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included touching/massaging of the buttocks and thighs. The defendant's sexual actions were part of a demonstrated pattern of abuse which occurred from August 2002 through April 2003, including possession for several decades of images of child pornography;
 {¶ 73} "i) The nature of the defendant's actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty, to-wit: the victim reported verbal threats from the defendant. The defendant yelled at the victim and threatened to send the victim back to Vietnam;
 {¶ 74} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include the following:
 {¶ 75} "1) The defendant has a long-time history of inappropriate sexual behavior, including sexual activity with young boys.
 {¶ 76} "2) The defendant has a long-time history of taking and viewing images of child pornography, nude photography of [high school] students and nephews.
 {¶ 77} "3) The defendant has a history and has admitted engaging in sexual activity including sexual conduct with his nephews;
 {¶ 78} "4) The defendant is in denial. Based upon investigation, the defendant `does not get it' — behavior with students/young boys/men, is not tolerated by society;
 {¶ 79} "5) The defendant has a history of engaging in lewd and lascivious sexual behavior with male [high school] students in the 1970's;
 {¶ 80} "6) During the 1970's, the defendant admits to having high school students at his home and engaging in sexual activity;
 {¶ 81} "7) The defendant's single, male status, per psychological reports elevates his risk[.]"
 {¶ 82} Despite the trial court's extensive and detailed findings, appellant claims that clear and convincing evidence did not support a sexual predator adjudication. For instance, appellant claims that the record established that neither Dr. Arnoff nor Dr. Fabian found appellant to be a pedophile. Also, appellant contends that there was no evidence that appellant was diagnosed with an impulse control disorder by Dr. Arnoff and that Dr. Arnoff could not predict with any certainty whether appellant would reoffend.
 {¶ 83} To the contrary, our thorough review of the record demonstrates that the court's findings were supported by clear and convincing evidence. Namely, the findings are substantiated by Dr. Fabian's testimony and psychological report, Dr. Arnoff's psychological report, the pre-sentence investigation report; the victim's statement, and appellant's own admissions. As noted by the trial court, Dr. Fabian testified that appellant demonstratedtraits of an obsessive compulsive disorder. The record also established that Dr. Fabian found appellant had traits ofpedophilia. Further, Dr. Arnoff's report recognized that appellant's test results placed him in a medium-high risk of recidivism.
 {¶ 84} While the record accurately reflects the absence of some factors which would support a sexual predator adjudication, the overwhelming majority of factors found by the common pleas court demonstrated that appellant was likely to commit a sexually oriented offense in the future. Many of these relevant factors were based upon appellant's self-reporting. Thus, the court's findings are supported by clear and convincing evidence and both prongs of the sexual predator definition have been satisfied. Appellant's fifth assignment of error is without merit.
 {¶ 85} Based upon the foregoing analysis, appellant's five assignments of error are without merit. We hereby affirm appellant's sentence and sexual predator adjudication.
Ford, P.J., Rice, J., concur.