OPINION
{¶ 1} Appellant, Timothy J. Velotta, appeals from a judgment entry of the Lake County Court of Common Pleas, sentencing him to an aggregate prison term of seventeen months. For the reasons that follow, we affirm.
 {¶ 2} On May 20, 2004, the Lake County Grand Jury indicted appellant on one count of theft; one count of complicity to theft; two counts of receiving stolen property; one count of complicity to receiving stolen property; and two counts of assault against a police officer. Appellant waived his right to be present at the arraignment and pleaded not guilty to the foregoing charges.
 {¶ 3} Following plea negotiations, appellant pleaded guilty to the following counts: (1) one count of complicity to theft, a fifth degree felony in violation of R.C. 2923.03(A)(2) and2913.02(A)(3); (2) one count of assault on a police officer, a fourth degree felony in violation of R.C. 2903.13(A); and (3) one count of receiving stolen property, a fifth degree felony in violation of R.C. 2913.51(A). The court accepted appellant's guilty plea and entered judgment convicting appellant on the foregoing counts.
 {¶ 4} At the conclusion of the sentencing hearing, the trial court considered the relevant statutory factors, made the requisite findings, and pronounced its sentence. Likewise, the trial court issued a judgment entry reiterating its considerations, findings, and sentence. The court sentenced appellant to a prison term of eleven months for complicity to theft; a prison term of seventeen months for assault of a police officer; and a prison term of eleven months for the receiving stolen property. Each prison term was to be served concurrently.
 {¶ 5} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following three assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to prison in contradiction to R.C. 2929.14(B) which sentence is contrary to law.
 {¶ 7} "[2.] The trial court erred to the prejudice of the appellant when it sentence him to more than the minimum prison term which sentence is contrary to law.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury of admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} Appellant's first and second assignments of error challenge the validity of the court's sentence. In examining these assignments of error, we note that, under R.C. 2953.08, our review of a felony sentence is de novo. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 3. However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 10} Under his first assignment of error, appellant argues that the court erred in failing to find that he was amenable to community control on his fifth and fourth degree felony convictions. Appellant maintains that community control was more appropriate than a prison term based upon his chaotic childhood, cooperative attitude, and genuine remorse.
 {¶ 11} "There is no statutory presumption that a fourth or fifth degree felon be sentenced to community control rather than prison." State v. Painter, 11th Dist. No. 2000-A-0093, 2002-Ohio-1436, 2002 Ohio App. LEXIS 1492, at 5-6. Instead, when imposing a sentence for a felony of the fourth or fifth degree, the trial court must first determine if one of the factors enumerated in R.C. 2929.13(B)(1) is present. This statute provides that:
 {¶ 12} "In sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 13} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 14} "* * *
 {¶ 15} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 16} "* * *
 {¶ 17} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."
 {¶ 18} If the trial court finds that one of these factors is present; that a prison term is consistent with the purposes of sentencing; and that the defendant is not amenable to community control sanctions, then the court shall impose a prison term.State v. Fielder, 11th Dist. No. 2003-L-090, 2005-Ohio-3388, at ¶ 26, citing R.C. 2929.13(B)(2)(a). In making these determinations, the court must consider all relevant factors, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E). R.C. 2929.12(A).
 {¶ 19} Here, the court first considered the factors of R.C.2929.13(B) and determined that in committing the offenses appellant caused physical harm to a police officer, that he committed the offenses as part of organized criminal activity, and that he committed the offenses while under community control sanctions. The court also found that a prison sentence was consistent with the purposes of sentencing and that appellant was "not amenable to an available community control sanction." Finally, the court noted that it had considered the seriousness and recidivism factors of R.C. 2929.12(B) through (E).
 {¶ 20} The trial court clearly considered all relevant statutory factors prior to determining that appellant was not amenable to community control and adequately stated its findings. The record supports these findings. Despite appellant's contention that the record establishes he was amenable to community control, the trial court properly adhered to the statutory sentencing prerequisites when evaluating his fourth and fifth degree felonies. Thus, the court did not err by sentencing appellant to a prison term rather than community control. Appellant's first assignment of error is without merit.
 {¶ 21} Under his second assignment of error, appellant maintains that the court erred by sentencing him to more than the minimum prison-term. In doing so, appellant argues that a minimum prison-term was justified based upon his chaotic childhood, cooperative attitude, and genuine remorse.
 {¶ 22} With respect to the non-minimum prison terms, appellant was convicted on one fourth degree felony and two fifth degree felonies. The statutory minimum prison-term for a fourth degree felony is six months, while the statutory maximum prison-term is eighteen months. Moreover, the statutory minimum prison-term for a fifth degree felony is six months, while the statutory maximum prison-term is twelve months. Here, the court sentenced appellant to a prison term of seventeen months for the fourth degree felony and prison terms of eleven months for each of the fifth degree felonies.
 {¶ 23} R.C. 2929.14(B) states:
 {¶ 24} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 25} "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term.
 {¶ 26} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 27} The trial court was required to make its statutory findings under R.C. 2929.14(B) at the sentencing hearing and as part of its judgment entry. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In the instant case, the court stated at the sentencing hearing and within its judgment entry that the shortest prison terms would demean the seriousness of appellant's conduct and not adequately protect the public from future crime.
 {¶ 28} It is generally not necessary for a trial court to provide its reasons for imposing more than the minimum prison-term. See, e.g., State v. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924. "However, when imposing a prison term for a felony of the fourth or fifth degree, R.C. 2929.19(B)(2)(a) provides that a trial court must state its reasons for selecting the sentence, which is to be based upon the overriding purposes and principles of felony sentencing." Id. at ¶ 14.
 {¶ 29} Under R.C. 2929.11, the purposes of criminal sentencing are to punish the offender and to protect the public from future crime. To ensure that the sentence imposed is consistent with these purposes, a trial court must consider such things as the seriousness of the offender's conduct, the offender's criminal record, and the circumstances under which the crime was committed. R.C. 2929.12. The trial court is granted broad discretion in determining the most effective way to uphold the sentencing objectives when sentencing a defendant. Id.
 {¶ 30} Here, on the record, the court noted that appellant had a long criminal history which included drug and alcohol abuse, and failed attempts at rehabilitation. The court further reasoned that appellant's offenses were indeed serious, as the circumstances revealed that appellant had assaulted two on-duty police officers. The assault resulted in various injuries to the police officers. In addition, the court noted that appellant was under community control when he committed the offenses.
 {¶ 31} The record establishes that the court provided adequate reasons in accord with the overriding principles and purposes of felony sentencing to justify its imposition of a non-minimum prison term. Nevertheless, appellant claims that the court's reasons for imposing a non-minimum prison term were outweighed by those factors favoring a minimum prison-term.
 {¶ 32} The trial court was in the best position to evaluate and balance the relevant statutory factors when determining appellant's sentence. As a result, we will not substitute our judgment for that of the trial court's when there is clear and convincing evidence supporting its findings and when the sentence is not otherwise contrary to law. See, e.g., Thomas;Bradford. Here, the court, within its wide sentencing discretion, determined that a non-minimum prison term was necessary. Because the record supports the court's findings and because the sentence was not contrary to law, the court did not err in issuing a non-minimum prison term. Thus, appellant's second assignment of error is without merit.
 {¶ 33} Under his third assignment of error, appellant contends that, per Blakely v. Washington (2004), 542 U.S. 296, the trial court erred by sentencing him to non-minimum prison terms. We disagree.
 {¶ 34} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which the defendant pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could enlarge the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 35} The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. The court defined the statutory maximum as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by thedefendant." Id. at 303. (Emphasis sic.)
 {¶ 36} Appellant maintains that the court's imposition of non-minimum prison terms exceeded the statutory maximum. Therefore, appellant concludes that, in exceeding the statutory maximum, the court made statutory findings not made by a jury or admitted by appellant, thereby violating Blakely and depriving him of due process.
 {¶ 37} Again, to support its upward departure from the minimum prison-terms, the court relied upon a finding that, per R.C. 2929.14(B), the shortest prison-terms would demean the seriousness of appellant's conduct and not adequately protect the public from future crime.
 {¶ 38} This court has previously not applied the holding ofBlakely to the sentencing factors of R.C. 2929.14(B). In doing so, we have concluded that the Blakely holding does not render the trial court's findings with respect to these factors constitutionally infirm. See, e.g., State v. Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653; State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239; Fielder. We have provided the following explanation:
 {¶ 39} "In State v. Morales, 11th Dist. No. 2003-L-025,2004-Ohio-7239, we began our analysis by noting that Blakely
and the prior case law of the United States Supreme Court had not had the effect of depriving a trial judge of the discretion to consider aggravating circumstances in deciding the length of a defendant's sentence; instead, the Blakely decision only held that a trial judge cannot make a factual finding which would result in the imposition of a sentence longer than the maximum prison-term permissible under the jury verdict. In other words, we concluded that, under Blakely, the Sixth Amendment right to a jury trial had no application so long as the trial judge was imposing a sentence within the general range of terms permissible based upon the jury verdict. The Morales court then held that the factors set forth in R.C. 2929.14(B) were similar in nature to aggravating circumstances because a trial court's finding concerning the existence of one of the two factors in a particular case only meant that a longer term within the acceptable range could be imposed. As a result, the Morales
court ultimately held that the procedure under R.C. 2929.14(B) did not constitute a violation of the basic constitutional right to a jury trial." Fiedler at ¶ 44.
 {¶ 40} The clear precedent of this court establishes that the trial court's use of the sentencing factors under R.C. 2929.14(B) did not constitutionally invalidate its imposition of non-minimum prison terms. Instead, the trial court obtained proper statutory authority to impose prison terms which were longer than the statutory minimum when it made the appropriate findings under R.C. 2929.14(B). Thus, appellant's third assignment of error is without merit.
 {¶ 41} Based upon the foregoing analysis, appellant's three assignments of error are without merit. We hereby affirm the trial court's sentence.
Ford, P.J., concurs,
O'Neill, J., dissents with Dissenting Opinion.