JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Kevin Farris appeals his conviction. Finding merit to the appeal, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal. Farris was indicted for possession of drugs, drug trafficking, possession of criminal tools, and receiving stolen property. Farris pled not guilty and proceeded to trial by jury.
 {¶ 3} At trial, the testimony revealed that the Cleveland Police Department executed a search warrant on June 3, 2003 at the home where Farris resided. Detective Habeeb testified about his investigation of a series of burglaries that led him to speak with Reginald Tolbert. Tolbert confessed to committing some of the burglaries and implicated Farris as his accomplice. Tolbert also alleged that some of the stolen property could be found at Farris's residence. In addition, Tolbert asserted that Farris traded drugs for stolen goods. Relying on this information, the police obtained and executed a search warrant.
 {¶ 4} At the house, police recovered numerous electronics, as well as marijuana, digital scales, brass weights, plastic sandwich bags, and a plate and a razor blade with cocaine residue. In addition, police recovered a letter addressed to Farris from the Parma Municipal Court.
 {¶ 5} After the state rested, the receiving stolen property count was dismissed by the trial court with the prosecutor's concession that no evidence was put forth to establish the property recovered was stolen.
 {¶ 6} The jury returned guilty verdicts for the remaining three counts. Farris was sentenced to 11 months in prison and now appeals his conviction, advancing three assignments of error for our review.
 {¶ 7} "I. Whether appellant was denied his constitutional right to effective assistance of counsel when counsel failed to move for the suppression of evidence illegally seized from appellant's home."
 {¶ 8} Farris argues that he was denied effective assistance of counsel because his attorney failed to file a motion to suppress with regard to the search warrant. Farris alleges that there was no probable cause for the search warrant, because it was based on hearsay statements of an alleged accomplice. Further, Farris argues that the court was "duped" into issuing the warrant and thus he had a valid Franks argument (referring to Franks v. Delaware (1978), 438 U.S. 154). Lastly, he argues that the warrant was too general.
 {¶ 9} Although there is some testimony in the record regarding the search warrant, the search warrant is not part of the record. In the absence of such evidence in the record, we must presume regularity in the proceedings below. State v. Pimental, Cuyahoga App. No. 84034, 2005-Ohio-384.[1]
 {¶ 10} Farris's first assignment of error is overruled.
 {¶ 11} "II. Whether appellant was denied his constitutional right to confrontation when the jury was allowed to consider hearsay as substantive proof of guilt, which was attributed to an alleged accomplice who was proven to be neither an accomplice nor unavailable to testify at trial."
 {¶ 12} Farris argues that the state constantly made reference to Tolbert's alleged statements. Tolbert was not called to testify, but the statements were introduced through Detective Habeeb. Tolbert allegedly confessed to a string of burglaries and implicated Farris as his accomplice. Further, Tolbert alleged that Farris was a drug dealer and had drugs and stolen property in his home.
 {¶ 13} The trial court has broad discretion in determining the admissibility of evidence. State v. Sage (1987), 31 Ohio St.3d 173. The trial court's discretion will not be overturned on appeal absent an abuse of discretion and only if the defendant was materially prejudiced. Statev. Crim, Cuyahoga App. No. 82347, 2004-Ohio-2553.
 {¶ 14} When the prosecution offers hearsay evidence against the accused in a criminal case, it prompts the court to question whether admission of that evidence would violate the Confrontation Clause. Statev. Allen, Cuyahoga App. No. 82556, 2004-Ohio-3111, citing Tennessee v.Street (1985), 471 U.S. 409, 413-14. The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The United States Supreme Court has held that this bedrock guarantee applies to both federal and state prosecutions. Allen, supra.
 {¶ 15} The right of confrontation requires that whenever possible, testimony and cross-examination should occur at trial. Id. The purpose behind the Confrontation Clause is twofold: (1) to allow a criminal defendant the right to confront his or her accusing witness face-to-face in open court for truth-testing cross-examination; and (2) to give the jury an opportunity to judge the credibility of the witness through observation of the witness's demeanor. Id., citing Mattox v. UnitedStates (1895), 156 U.S. 237, 242-43.
 {¶ 16} The United States Supreme Court decision in Crawford v.Washington (2004), 541 U.S. 36, transformed the landscape in which out-of-court statements are offered against an accused. Allen, supra. Although the Court recognized that not all hearsay implicates the Sixth Amendment's core concerns, the focus in Crawford, as in Farris's case, is on "testimonial" statements. The Court defined these "testimonial" statements in part as "ex parte in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially" and "extrajudicial statements * * * contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford, supra. The Court made clear that "statements taken by police officers in the course of interrogations are also testimonial even under a narrow standard."Allen, quoting Crawford.
 {¶ 17} Here, the detective testified as to what was told to him by Farris's alleged accomplice, Tolbert, during an interview in police custody. Tolbert's statements implicated Farris in a string of burglaries, as well as other criminal activity. Although this hearsay may be used to obtain a search warrant, if properly corroborated, it may not be used in trial unless the declarant is subject to cross-examination. Therefore, the trial court erred when it allowed this testimony.
 {¶ 18} Farris's second assignment of error is sustained.
 {¶ 19} "III. Whether the introduction and admission of irrelevant and unfairly prejudicial evidence, the effect of which was to bias the jury and contribute to their return of guilty verdicts, violated appellant's right to due process."
 {¶ 20} Here, Farris argues that the trial court improperly admitted into evidence a letter that was irrelevant and unfairly prejudicial. The letter apprised Farris of his pending criminal charges in Parma Municipal Court. The letter was found in the bedroom that Farris was using.
 {¶ 21} As Farris's trial counsel did not object to this testimony, we must review it under a plain error standard. Plain error is an obvious error that affects a substantial right. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126. An alleged error constitutes plain error only if, but for the error, the outcome of the trial clearly would have been different. Id. Plain error should be noticed by the court only "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68, quoting State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 22} We cannot say that, but for the error, the outcome of the trial clearly would have been different; therefore, Farris's third assignment of error is overruled.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., concur.
[1] Information outside the record cannot be considered on appeal, but may be presented at a postconviction relief proceeding. See State v.Collins (May 10, 1990), Cuyahoga App. No. 56747.