JOURNAL ENTRY and OPINION
{¶ 1} William Davis ("Davis") appeals his conviction from Cuyahoga County Common Pleas Court. Davis argues that his trial counsel rendered ineffective assistance, that the trial court denied his right to confrontation, and that the imposition of his sentences violated his right to a jury trial. For the following reasons, we affirm Davis's conviction and sentence.
 {¶ 2} In September 2003, Cleveland police detectives received information from a confidential informant that a person with the nickname "Gotti" had been selling crack cocaine from a house near Union and East 119th Streets. In response, the detectives set up a controlled purchase of crack cocaine with the confidential informant and an undercover detective. The undercover detective testified that when he and the informant reached 3454 East 119th Street, Davis approached the vehicle. Davis leaned his upper body into the vehicle, received money from the confidential informant, and then began to hand over what appeared to be crack cocaine. The detectives recovered 1.5 grams of crack cocaine as a result of the controlled buy.
 {¶ 3} The Cleveland detectives received information from detectives of the Southeast Area Law Enforcement Narcotics Unit that heroin was being sold from the vicinity of 3454 East 119th Street. Cleveland detectives then coordinated several controlled buys of heroin in late September and October.
 {¶ 4} Based on the information gathered during September and October, detectives obtained a search warrant for 3454 East 119th Street. Detectives executed the warrant on November 5, 2003, and arrested three individuals, including Davis. Davis did not live at that residence and detectives admitted that he was not the target of the search warrant.
 {¶ 5} Detective Jeffery Canter ("Canter") testified that as he entered the residence, he observed the defendant running up the stairs. Canter followed Davis and placed him in handcuffs. Canter searched Davis and removed a bag of crack cocaine from his right front pants pocket and $472 in cash.
 {¶ 6} On January 29, 2004, the Cuyahoga County Grand Jury indicted Davis with two counts of possession of drugs (counts one and two), three counts of trafficking in drugs with schoolyard specifications (counts three, four, and five), and one count of possessing criminal tools (count six). The indictment arose from Davis's conduct on September 15, 2003 and November 5, 2003. The matter proceeded to a jury trial, and the trial court dismissed the charge of possessing criminal tools pursuant to defense counsel's Crim.R. 29 motion for acquittal. After deliberating, the jury returned a verdict of guilty on all five remaining counts but found him not guilty of any of the attendant schoolyard specifications.
 {¶ 7} At the sentencing hearing, the trial court merged counts three and four, and merged counts two and five. The court then sentenced
 {¶ 8} Davis to fifteen months' incarceration on counts one, three, and four; and four years' incarceration on count five. The court ordered count five to run consecutive to count three, with the remaining counts to be served concurrently, for a total imprisonment of five years and three months.
 {¶ 9} Davis appeals his conviction, raising the five assignments of error attached to the appendix of this opinion.
 {¶ 10} In Davis's first assignment of error, he argues that he received ineffective assistance of counsel because his trial counsel failed to move for a severance of the charges. Specifically, Davis argues that because the indictment includes criminal conduct that occurred on two separate dates, his trial counsel should have moved to sever counts one, three, and four of the indictment from counts two, five, and six. We disagree.
 {¶ 11} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland,
at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at 143.
 {¶ 12} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 13} The ultimate question under this assigned error is whether a motion to sever would have been successful. State v. Hamblin (1988),37 Ohio St.3d 153, 156.
 {¶ 14} We find the crimes that occurred on September 15, 2003 (possession of drugs and two counts of trafficking in drugs with schoolyard specifications) were properly joined for purposes of trial with the crimes of November 5, 2003 (possession of drugs, trafficking in drugs with a schoolyard specification, and possession of criminal tools) and were clearly admissible to establish a plan pursuant to Evid.R. 404. Crim.R. 8(A) provides:
"Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 15} In the present case, the offenses committed were clearly of the same or similar character and constituted parts of a common scheme and a course of criminal conduct. However, as Davis points out in his appellate brief,
"[I]f similar offenses are properly joined pursuant to Crim.R. 8(A), a defendant can still move to sever the charges pursuant to Crim.R. 14 if their consolidation will prejudice his or her rights * * *. When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether the evidence of other crimes would be admissible even if the counts were severed * * *. If the evidence of other crimes would be admissible at separate trials, any `prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials.' State v. Schaim (1992), 65 Ohio St.3d 51, 58-59."
 {¶ 16} The evidence established that on September 15, 2003, Davis sold crack cocaine to a confidential informant who was in an undercover police vehicle with an undercover detective. The evidence further established that on November 5, 2003, detectives recovered crack cocaine and a large amount of money from Davis's pants pocket while executing a search warrant. Both acts involved drugs and were committed at the same location. Therefore, the acts shared the common scheme or plan to sell crack cocaine.
 {¶ 17} Evid.R. 404(B) permits the introduction of evidence of other crimes to prove a plan, so long as the evidence is not used merely to prove the bad character of the person and that he acted in conformity therewith. The State of Ohio acted within these guidelines when presenting the other drug offense evidence.
 {¶ 18} Accordingly, since the other crimes could have been properly admitted as other acts, even if there were separate trials regarding the drug offenses, Davis has not been prejudiced. Davis's first assignment of error is overruled.
 {¶ 19} Davis's third assignment of error alleges that his trial counsel rendered ineffective assistance when he failed to file a motion to suppress. Specifically, Davis argues that his trial counsel should have challenged the search of his person during the execution of the search warrant. We disagree.
 {¶ 20} "[G]enerally, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel."State v. Pimental, Cuyahoga App. No. 84034, 2005-Ohio-384. See, also,Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574. A criminal defendant alleging a claim of ineffective assistance of counsel on this basis must show that counsel's failure to file the motion to suppress caused him prejudice. State v. Robinson (1996),108 Ohio App.3d 428, 433; Pimental, at paragraph 15. The appellant bears the burden of pointing to evidence in the record supporting the suppression of the evidence. Pimental, at paragraph 15. A failure to file a motion to suppress could constitute ineffective assistance of counsel where there is a strong possibility that it would have been granted.State v. Garrett (1991), 76 Ohio App.3d 57.
 {¶ 21} Although there is some testimony in the record regarding the search warrant, the search warrant is not part of the record. In the absence of such evidence in the record, we must presume the regularity in the proceedings below and conclude that the officers did not violate the terms of the search warrant in their arrest of Davis. State v. Farris,
Cuyahoga App. No. 84795, 2005-Ohio-1749, State v. Eff, Cuyahoga App. No. 79731, 2002-Ohio-2559, State v. Pimental, Cuyahoga App. No. 84034, 2005-Ohio-384.
 {¶ 22} Accordingly, Davis's third assignment of error is overruled.
 {¶ 23} In his second assignment of error, Davis argues that the trial court violated his right of confrontation. In this assigned error, Davis raises two issues involving the admission of the informant's statements through police. First, Davis claims that by allowing evidence of the informant's statements to police, the trial court violated his Sixth Amendment right to confront the witnesses against him. Second, he argues the informant's statements, though given through a police detective, were testimonial and their admission was not harmless. We disagree.
 {¶ 24} The statements at issue under this assigned error concerned statements made by the informant to police detectives regarding (1) the nickname of the person allegedly selling crack cocaine; (2) methods by which the person is allegedly selling cocaine; and (3) the cellular phone number of the alleged drug dealer. Defense counsel objected to the admission of the above-mentioned statements.
 {¶ 25} The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The United States Supreme Court held in Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, this procedural guarantee applies to both federal and state prosecutions.
 {¶ 26} The right of confrontation requires, whenever possible, testimony and cross-examination to occur at trial. State v. Allen,
Cuyahoga App. No. 82556, 2004-Ohio-3111. The Confrontation Clause has a dual purpose: (1) to allow a criminal defendant the right to confront his or her accusing witness face-to-face in open court for truth-testing cross-examinations; and (2) to give the jury an opportunity to judge the credibility of the witness through observation of the witness's demeanor. Mattox v. United States (1895), 156 U.S. 237, 15 S.Ct. 337;Allen, supra.
 {¶ 27} Davis argues that United States v. Cromer (C.A.6, 2004),389 F.3d 662, 670, which construed Crawford, supra, and held "statements of a confidential informant are testimonial in nature and therefore may not be offered by the government to establish the guilt of an accused absent an opportunity for the accused to cross-examine the informant," is similar to this case and, accordingly, we should reach the same result.
 {¶ 28} The Tenth Appellate District dealt with this identical issue and summarized the Cromer decision as follows:
"The Sixth Circuit in Cromer considered whether the trial court's admission of a police officer's testimony, which was offered for the truth of the matter, concerning information provided by a confidential informant violated the Confrontation Clause. The central issue at Cromer's trial was whether he was involved in illegal activity, and the statements of the confidential informant were the lynchpin of the government's case * * *. The Sixth Circuit found that the statements of the confidential informant were testimonial, and because they were offered for the truth of the matter, Cromer's constitutional right of confrontation was triggered. Thus, admission of the officer's testimony was error, and in light of Crawford, the error was plain. The court concluded by finding that Cromer's substantial rights were effected (sic) because `in the context of a case as close as this one on the central issue of whether the defendant was involved in any illegal drug activities, the admission of these statements directly tying Cromer to the crime likely impacted the outcome of the trial.' State v. Houston
(August 16, 2005), Franklin App. No. 04AP-875, 2005-Ohio-4249, quotingCrawford, 389 F.3d at 679."
 {¶ 29} The present case is easily distinguishable from the Cromer
decision. Though we find the evidence elicited from the detectives concerning statements made by the confidential informant to be testimonial, and thus error for the trial court to admit, we find such error to be harmless. In determining whether a constitutional error is harmless, "the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction."Chapman v. California (1967), 386 U.S. 18, 23, 87 S.Ct. 824, overruled on other grounds; Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, (holding that the harmless error analysis established in Chapman, supra, applies to confrontation clause violations).
 {¶ 30} Upon review of the record and in light of the other evidence presented, we find there is no reasonable probability that the challenged evidence contributed to the conviction. The testimony elicited became insignificant when compared to the evidence that Davis engaged in a hand-to-hand transaction with the informant in front of an undercover officer. State v. Williams (1983), 6 Ohio St.3d 281. See, also, State v.Jenkins, Lake Case No. 2003-L-173, 2005-Ohio-3092. The testimony elicited was not the lynchpin of the State's case, nor did it affect the outcome of the trial.
 {¶ 31} Accordingly, Davis's second assignment of error is overruled.
 {¶ 32} In his fourth and fifth assignments of error, Davis argues that the trial court violated his right to a jury trial in sentencing him to more than the minimum and in imposing consecutive sentences. We disagree.
 {¶ 33} Davis's argument that his nonminimum and consecutive sentences violate the U.S. Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, has been addressed in this court's en banc decisions of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, and State v. Lett, Cuyahoga App. Nos. 84707 and 84729,2005-Ohio-2665. In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of nonminimum sentences, does not implicate the Sixth Amendment as construed in Blakely. In Lett, we held that R.C.2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with those opinions, we reject Davis's contentions and overrule his fourth and fifth assignments of error.
Judgment affirmed.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Calabrese Jr., J., Concur
 Appendix A Assignments of Error
 "I. Trial counsel was ineffective for failing to request that severalcounts be severed and tried separately.
 II. The appellant was denied his right to confrontation where thegovernment refused to disclose the identity of its informant whowitnessed and arranged the underlying sale of drugs and the trial courtpermitted evidence regarding the informant's conversations with police.
 III. Trial counsel was ineffective when he failed to file a suppressionmotion challenging the unlawful search of Mr. Davis' person during theexecution of the search warrant.
 IV. The trial court erred in sentencing Mr. Davis to more than theminimum available term of incarceration in violation of Mr. Davis' rightto a jury trial.
 V. The imposition of consecutive sentences in the instant case was donein violation of Mr. Davis's sixth amendment right to trial by jury."