JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Dushone Babb appeals from his conviction for aggravated robbery with a firearm specification. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On August 4, 2004, defendant was indicted for aggravated robbery with firearms specifications. Defendant pled not guilty and the matter proceeded to a jury trial on March 21, 2005.
 {¶ 3} For its case, the state presented the testimony of Timothy Turner, James Tutt, Cleveland Police Officer Kenneth Kirk and Det. Philip Habeeb and John Baingull.
 {¶ 4} Turner testified that he had been out shopping and returned home for more money. He counted his money as he left his home and a red Saturn pulled next to him. The men in the car asked if Turner had some marijuana and Turner put his money in his pocket. Defendant got out of the car with a pistol. Turner fled to a neighbor's house and the assailant followed and caught up with him before Turner could enter the house. The man said "give me the money or I'm going to shoot you." Turner threw the money at him then chased after the assailant. The assailant got back into the red Saturn. Turner noticed his cousin and got into the cousin's car to pursue the assailant's vehicle. The men then abandoned the vehicle and fled. He recognized one of the men in the car as Charles Clark and observed that the assailant had green, hazel or gray eyes.
 {¶ 5} Officer Kirk, a basic patrol officer with the Fourth District, testified that he responded to a radio call that a man had just been robbed. Kirk went to the area and spoke to Turner who indicated that he had been robbed at gunpoint and that the assailant fled in a red Saturn which was still on the scene. Turner described the assailant as a black male with light-colored eyes. Tutt related that men had fled through his yard and that one of the men resembled one of the detectives.
 {¶ 6} Baingull testified that he met defendant for the first time on May 11, 2004 and was riding in a car with him and Charles Woods. Defendant had a gun on his lap. When they got to Craven Street, defendant recognized someone and asked Baingull to pull over. According to Baingull, defendant got out of the car. Approximately five minutes later, defendant ran back to the car and Turner chased after him, exclaiming that defendant had robbed him. Baingull's group sped away and Turner and another man followed them in a white vehicle. Baingull's group abandoned their vehicle on East 142nd Street and fled on foot.
 {¶ 7} James Tutt testified that he heard a loud noise in his driveway. A car pulled into his yard and the three occupants then fled through his yard. A second vehicle approached a short time later.
 {¶ 8} Det. Habeeb testified that he spoke to Turner and learned that Charles Clark was involved in the matter and that the assailant was known as Shawn, and was a light skinned black male who resembled Det. Longstreet of the Cleveland Police. Habeeb interviewed Charles Clark[1] toward the end of May 2004.
 {¶ 9} According to Habeeb, Clark stated that he was the front passenger of the red Saturn and that defendant, whom he knew as Shawn, exited the car, robbed Turner, got back into the car and fled. Clark also told Habeeb that defendant had a small silver semiautomatic gun. Habeeb determined that Clark was not involved in the robbery.
 {¶ 10} Det. Habeeb subsequently arrested defendant and photographed him. According to Det. Habeeb, Turner identified defendant from a photo array on or about May 25, 2004.
 {¶ 11} On cross-examination, Det. Habeeb acknowledged that defendant's eyes are brown and not green. He also acknowledged that although Turner had stated that the assailant had dark lips, defendant's lips are not dark.
 {¶ 12} Defendant did not present testimonial evidence. The matter was submitted to the jury and defendant was subsequently convicted of the charges. The trial court sentenced him to a term of four years imprisonment for aggravated robbery, three years for the firearm specification, and community control sanctions. Defendant now appeals and assigns four errors for our review.
 {¶ 13} Defendant's first assignment of error states:
 {¶ 14} "Dushone Babb's right to confrontation was violated when the prosecution introduced testimonial hearsay statements from an alleged accomplice secured during police interrogation that implicated Babb in the offense."
 {¶ 15} Within this assignment of error, defendant complains that Det. Habeeb's testimony that Charles Clark implicated defendant as the assailant in this matter violated defendant's rights of confrontation as Clark was not available to testify and was not subjected to cross-examination.
 {¶ 16} The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."
 {¶ 17} We employ a de novo standard when reviewing a claim that a criminal defendant's rights have been violated under the Confrontation Clause. United States v. Robinson (C.A.6, 2004),389 F.3d 582, 592.
 {¶ 18} In Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, 158 L.Ed.2d 177, the Supreme Court held that it is a violation of the Confrontation Clause to admit "testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Id. at 53-54,124 S.Ct. 1354, 158 L.Ed.2d 177 (overruling Ohio v. Roberts (1980),448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, which held that statements from an unavailable witness may be admissible without violating the Confrontation Clause if the statements had been found to be reliable).
 {¶ 19} In Crawford, the defendant's wife, exercised her marital privilege and did not testify at his trial. Prior to trial, however, she made a tape-recorded statement to police, defendant's wife described the stabbing with which her husband was charged. Id. at 39. The statement conflicted with defendant's claim that the stabbing was in self-defense. Id. Defendant was subsequently convicted. Id. at 41.
 {¶ 20} On appeal, the United States Supreme Court examined the reliability of the wife's testimonial hearsay statement under the Confrontation Clause. Id. at 42-50. The Court concluded that "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68 (emphasis added).
 {¶ 21} The Supreme Court in Crawford set forth several concrete examples of "testimonial" evidence:
 {¶ 22} "Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."Crawford at 68. The Crawford Court further observed that the recorded statement made to police by Michael Crawford's wife, Sylvia, "knowingly given in response to structured police questioning, qualifies under any conceivable definition." Id., emphasis added.
 {¶ 23} In State v. Farris, Cuyahoga App. No. 84795, 2005 Ohio 1749, this court condemned the use of an out-of-court statement of a co-defendant which implicated the defendant. We stated:
 {¶ 24} "Here, the detective testified as to what was told to him by Farris's alleged accomplice, Tolbert, during an interview in police custody. Tolbert's statements implicated Farris in a string of burglaries, as well as other criminal activity. Although this hearsay may be used to obtain a search warrant, if properly corroborated, it may not be used in trial unless the declarant is subject to cross-examination. Therefore, the trial court erred when it allowed this testimony."
 {¶ 25} In this case, Det. Habeeb testified that Charles Clark implicated defendant, telling Habeeb that defendant had a gun, exited the vehicle, robbed Turner and got back into the car. Clark did not testify and was unavailable. The declarant was therefore not subject to cross-examination. We find that the trial court erred when it allowed this testimony.
 {¶ 26} The state insists that the hearsay testimony of Clark was merely cumulative of the other evidence, and constitutes harmless error.
 {¶ 27} In determining whether error is harmless, we must consider whether the other evidence adduced at a defendant's trial is "so overwhelming, and the prejudicial effect of the [subject statement] is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." State v. Lazzaro, Cuyahoga App. No. 84956, 2005 Ohio 4118, citing State v. Moritz (1980),63 Ohio St.2d 150, 156, 407 N.E.2d 1268.
 {¶ 28} Applying the foregoing to this matter, we note that Turner told police that a man with light eyes and dark lips robbed him. Turner admitted at trial, however, that defendant does not have light eyes and does not have dark lips. John Baingull testified that defendant spotted Turner and got out of the car but he did not observe what happened after defendant got out of the car. Accordingly, we reject the harmless error claim. Accord State v. Siler, Ashland App. No. 02 COA 028, 2005 Ohio 6591.
 {¶ 29} The assignment of error is well-taken. The remaining assignments of error[2] are moot. This matter is reversed and remanded for further proceedings consistent with this opinion.
 {¶ 30} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., concurs.
 Corrigan, J., dissents.
 (See Attached Dissenting Opinion)
 APPENDIX
Defendant's second assignment of error states:
"Dushone Babb's rights to due process and a fair trial were violated when the prosecution elicited irrelevant and damaging testimony from an alleged police expert implying that Babb was a serial offender."
Defendant's third assignment of error states:
"The cumulative impact of the errors reflected in this record amounted to a denial of due process and the right to a fair trial. Alternatively, counsel's failure to utter even a single objection [to] the admission of improper evidence constituted ineffective assistance of counsel."
Defendant's fourth assignment of error states:
"Appellant's four-year sentence for aggravated robbery violates his constitutional rights to due process and a jury trial."
[1] The record discloses that Clark was arrested in connection with this matter on May 31, 2004. He was jailed on June 3, 2004, but the grand jury ultimately issued a no bill of indictment on August 4, 2004.
[2] See Appendix.
 DISSENTING OPINION