OPINION
{¶ 1} This is an appeal of the trial court's decision finding that he had violated his community control and imposing his original sentence.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about June 27, 2003, Appellant Matthew F. Gullett, was convicted of one count of Burglary, in violation of R.C. 2911.12(A)(2), a second degree felony, one count of Theft of a Motor Vehicle, in violation of R.C. 2913.02(A)(1), a fourth degree felony, and one count of Theft less than $500.00, in violation of R.C. 2913.02(A)(2), a first degree misdemeanor, after entering guilty pleas to said charges.
 {¶ 3} On July 14, 2003, Appellant was sentenced to four (4) years in prison on the Burglary charge, twelve (12) months on the motor vehicle theft charge and six (6) months on the theft charge. The sentences were ordered to run concurrently for a total prison sentence of four (4) years.
 {¶ 4} On January 24, 2005, the Defendant/Appellant was brought back from prison on a motion for judicial release.
 {¶ 5} By Entry dated January 27, 2005, the Trial Court granted Appellant's motion for judicial release and placed him on three (3) years of Community Control, on the condition that he attend and successfully complete the Licking-Muskingum Community Correction Program.
 {¶ 6} Appellant did complete the Program successfully and was released from said program on July 15, 2005.
 {¶ 7} Appellant's probation supervision was transferred to Licking County, Ohio, where he began residing.
 {¶ 8} On November 18, 2005, Appellant's Licking County Supervisor, Will Champlin, notified the Muskingum County Probation Officer, Jim McGee, that Appelalnt had tested positive for cocaine; that he had failed to notify his Probation Supervisor of his traffic detention by a Heath, Ohio, police officer; that he failed to associate with law abiding persons (i.e. associated with William Coss, a sexually-oriented offender) and maintain reasonable hours (i.e. his curfew); and that he failed to report as regularly ordered to his Probation Supervisor.
 {¶ 9} On December 15, 2005, the Court held a Probable Cause hearing as the first part of the two (2) part hearing on the State's Motion, alleging the Defendant/Appellant had violated certain terms and conditions of his Community Control.
 {¶ 10} At said hearing, the State presented testimony from Eric Arnold, a probation officer for the Muskingum County Court of Common Pleas. Probation Officer Arnold stated that he was testified on behalf of Probation Officer McGee, who was not available on that day. (T. at 4).
 {¶ 11} Appellant objected to Probation Officer Arnold's testimony arguing that it violated his right to confront his accuser. (T. at 5).
 {¶ 12} The Trial Court overruled Appellant's objection and allowed such testimony.
 {¶ 13} After such testimony was presented and the State of Ohio rested, Appellant moved to dismiss the State's motion to revoke.
 {¶ 14} The trial court offered both parties the opportunity to brief the issues and took the matter under advisement. (T. at 10).
 {¶ 15} By Judgment Entry dated December 15, 2006, the trial court held that the State of Ohio had met its burden of establishing probable cause that Appellant violated certain terms and conditions of his Community Control.
 {¶ 16} On January 9, 2006, a second hearing on the merits was held. At said hearing the State of Ohio put testimony through various witnesses, including Probation Officer McGee, who had personal or first hand knowledge of Appellant's alleged violations.
 {¶ 17} By Judgment Entry dated January 24, 2006, the trial Court found that Appellant had violated his Community Control, and revoked it. The Trial Court reimposed the balance of his original four (4) year prison sentence.
 {¶ 18} It is from this judgment Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 19} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW, BY FINDING PROBABLE CAUSE THAT A PROBATION VIOLATION HAS OCCURRED BASED SOLELY ON A MERE READING OF A PROBATION VIOLATION INTO THE RECORD BY AN INDIVIDUAL WITH NO DIRECT KNOWLEDGE OF AN ALLEGED PROBATION VIOLATION."
 I. {¶ 20} In his first assignment of error, Appellant argues that the trial court erred in finding that he was in violation of his probation. We disagree.
 {¶ 21} Specifically, Appellant argues that he was denied the right to confront and cross-examine adverse witnesses at the probable cause hearing held in this matter.
 {¶ 22} In a probation revocation proceeding, the prosecution need not produce evidence establishing a probation violation beyond a reasonable doubt. Rather, the prosecution must present substantial proof that a defendant violated the terms of his or her probation. State v.Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821; State v. Mingua
(1974), 42 Ohio App.2d 35, 327 N .E.2d 791; State v. Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. See State v.Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v. Puckett
(Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of evidence burden of proof. SeeState v. Kehoe (May 18, 1994), Medina App. No. 2284-M. We see no difference in the standard of review between a probation violation and a violation of community control sanctions.
 {¶ 23} Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion. See State v. Scott (1982), 6 Ohio App.3d 39,452 N.E.2d 517; Umphries, supra; State v. Conti (1989),57 Ohio App.3d 36, 565 N.E.2d 1286; State v. Daque (Aug. 11, 1997), Ross App. No. 96CA2256. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. State v. Sheets (1996),112 Ohio App.3d 1, 677 N.E.2d 818.
 {¶ 24} In the case sub judice, Appellant argues that it was error for the trial court to allow into evidence the testimony of Probation Officer Eric Arnold because he was not he probation officer who prepared the motion to revoke and had no first-hand knowledge of the alleged violations contained therein.
 {¶ 25} Appellant argues that because Probation Officer McGee was not at the probable cause hearing held in this matter, he was not given an opportunity to crossexamine and/or confront him regarding same.
 {¶ 26} A revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. See State v. Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172.
 {¶ 27} The rules of evidence, including hearsay rules, are expressly inapplicable to a revocation hearing. Evid.R. 101(C)(3). The rationale for this exception is that a trial court should be able to consider any reliable and relevant evidence indicating whether the probationer has violated the terms of probation, since a probation or community control revocation hearing is an informal proceeding, not a criminal trial.Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36, 601 N.E.2d 61, citingState v. Miller (1975), 42 Ohio St.2d 102, 106, 326 N.E.2d 259. However, in Gagnon v. Scarpelli (1973), 411 U.S. 778, 786, 93 S.Ct. 1756,36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements of Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 28} "`(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."'Id., citing Morrissey, supra, at 489.
 {¶ 29} The confrontation right at issue in revocation cases does not arise by virtue of the substantive provisions of the Sixth Amendment, but is rather a procedural protection guaranteed by the Fourteenth Amendment. Columbus v. Lacy (1988), 46 Ohio App.3d 161, 546 N.E.2d 161, citing Morrissey, supra, at 477-480.
 {¶ 30} At a probation revocation hearing, due process requires the direct testimony of the probation officer who prepared the defendant's statement of probation violation unless the record shows good cause for the officer's absence from the hearing. Lacy, supra, at paragraph one of the syllabus. However, Ohio courts have recognized that "harmless error" analysis applies to a claim of confrontation right violations. See, e.g., State v. Davis, Cuyahoga App. No. 85477, 2005-Ohio-5544, ¶ 29, citing Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L .Ed.2d 674. Thus, where a defendant's admissions are sufficient by themselves to prove a violation of conditions of probation, it is harmless error even if some of the evidence admitted by the trial court was impermissible. See State v. Stephens (May 28, 1999), Huron App. No. H-98-045.
 {¶ 31} Upon review of the record, we find no error in allowing Probation Officer Arnold to testify as to the alleged violations at the first hearing as the burden was only probable cause. Probation Officer McGee did testify at the hearing on the merits, in addition to a number of other witnesses with direct knowledge of the violations.
 {¶ 32} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.
 {¶ 33} The decision of the Muskingum County Court of Common Pleas is affirmed.
Boggins, J. Farmer, J. concurs Hoffman, P.J. concurs separately.