OPINION
{¶ 1} Matthew E. Ault appeals from the trial court's decision and entry revoking his community control and imposing prison sentences for his theft and forgery convictions.
 {¶ 2} In his sole assignment of error, Ault contends the trial court's decision to *Page 2 
revoke his community control constituted an abuse of discretion.
 {¶ 3} The record reflects that Ault was placed on three years of community control in January 2005 after pleading guilty to theft and forgery charges. Community control violation allegations subsequently were brought against Ault in May 2005. Following a hearing, the trial court determined that Ault had violated the terms of his community control by leaving the state without permission, using alcohol, marijuana, and cocaine, and being dismissed from a treatment center for continued drug use. Despite these violations, the trial court continued Ault on community control.
 {¶ 4} More community control violation charges were brought against Ault in February 2006 for allegedly committing theft and using marijuana and cocaine. Ault subsequently appeared for a February 21, 2006 hearing on the matter. He did not contest the merits of the allegations, and the trial court found that he had violated the terms of his community control by taking checks without the owner's permission, being charged with theft in Clark County, and admitting the use of marijuana and cocaine. The trial court conducted a dispositional hearing on March 17, 2006. At the conclusion of the hearing, the trial court terminated community control and sentenced Ault to prison. This timely appeal followed.
 {¶ 5} On appeal, Ault argues that his behavioral problems are rooted in recently diagnosed mental disorders and a stubborn drug addiction. He asserts that he has developed a greater awareness of his problems and now possesses the ability to overcome them with continued professional and family support. As a result, he contends the trial court should have continued his community control with mental health and drug counseling. Ault also alleges a due process violation based on his probation *Page 3 
officer's alleged failure to appear at the revocation hearing.
 {¶ 6} Upon review, we are unpersuaded by Ault's arguments. "The right to continue on community control depends on compliance with community control conditions and `is a matter resting within the sound discretion of the court.'" State v. Schlecht, Champaign App. No. 2003-CA-3,2003-Ohio-5336, ¶ 7 (citation omitted). We find no abuse of discretion in the trial court's revocation of community control. Ault previously violated the terms of his community control by leaving the state without permission, using drugs, and being discharged from a treatment program. Despite these violations, the trial court continued his community control. Ault responded by committing additional violations, which involved theft and more drug use. In light of the record before us, the trial court plainly did not abuse its discretion by revoking community control.
 {¶ 7} Ault's due process argument is equally unpersuasive. He citesState v. Gullet, Muskingum App. No. CT2006-0010, 2006-Ohio-6564, andColumbus v. Lacy (1988), 46 Ohio App.3d 161,546 N.E.2d 445, for the proposition that at "a probation revocation hearing, due process requires the direct testimony of the probation officer who prepared the defendant's statement of probation violation unless the record shows good cause for the officer's absence from the hearing." Gullet,2006-Ohio-6564, at ¶ 30.
 {¶ 8} The cases cited by Ault address a defendant's constitutional right to confront the probation officer who prepared the violation charges. In the present case, the officer who prepared the charges against Ault was Ohio probation/parole officer, Jeff Roman. The record reflects that Roman attended the February 21, 2006 violation *Page 4 
hearing at which Ault, who was represented by counsel, did not contest the existence of probable cause or the merits of the charges against him. (Doc. #45). Roman also attended the March 17, 2006 dispositional hearing at which the trial court revoked community control. (Doc. #47). Because Roman attended both hearings and could have been questioned by Ault's attorney, we find no due process violation.
 {¶ 9} Ault's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1