OPINION
{¶ 1} Jeffrey B. Sells appeals from a judgment of the Champaign County Court of Common Pleas, which revoked his community control and sentenced him to four years in prison. For the following reasons, the trial court's judgment will be affirmed. *Page 2 
 {¶ 2} According to the record, on July 2, 2003, Sells pled guilty to one count of gross sexual imposition. On August 18, 2003, the trial court sentenced him to three years of community control and imposed a $200 fine. The court found Sells to be a sexually-oriented offender. Among the conditions of his community control, Sells was required to successfully complete substance abuse and sexual offender counseling. Sells agreed to obey federal, state and local laws and not to purchase, possess or use any illegal drug.
 {¶ 3} On April 27, 2004, the trial court found that Sells had violated the terms of his community control by operating a motor vehicle while under the influence and by failing to follow the directives of his supervising officer not to consume alcohol or drugs. The court sentenced Sells to community control. In addition to the previously imposed conditions, the court further ordered that Sells successfully complete alcohol counseling, that he not visit establishments that serve alcohol, that he contact his probation officer daily, that he not use illegal substances or alcohol, and that he remain on house arrest except to go to work, to alcohol counseling, to sexual offender counseling, or to conduct personal errands during a specified time.
 {¶ 4} On March 1, 2005, Sells' probation officer filed a notice of violation, alleging that, on February 14, 2005, Sells operated a motor vehicle without a valid driver's license and possessed marijuana. The probation officer further alleged that Sells tested positive for marijuana on February 18, 2005. Sells did not contest the existence of probable cause to hold a community control violation hearing, and he did not contest the merits of the alleged violation. On March 18, 2005, the trial court found Sells guilty of the violation and returned him to community control. The court added to Sells' community control conditions that he *Page 3 
successfully complete a residential program to be arranged by the probation department and that he remain in the Tri-County Jail pending completion of the screening process which would begin immediately.
 {¶ 5} On April 22, 2005, the trial court held another hearing on the community control violation, because no residential program would accept Sells due to the nature of his conviction. The court returned Sells to community control, and it ordered him to serve the first ninety days of his community control in the Tri-County Jail.
 {¶ 6} After the April hearing, Volunteers of America notified the probation department that it had changed its mind and had agreed to accept Sells into a residential program. The court convened another hearing on May 3, 2005. Sells was given the opportunity either to participate in the program or remain with sentence imposed by the trial court. Sells opted to remain with the court's sentence.
 {¶ 7} In May 2006, Sells was again charged with violating his community control. His probation officer alleged that on April 30, 2006, Sells used marijuana and cocaine. The court held a community control violation hearing on May 15, 2006. Sells did not contest the existence of probable cause or the merits of the alleged violation.
 {¶ 8} With regard to disposition, Sells informed the court that he had not used any illegal substance since his violation in 2005. He explained that his uncle had recently died and that he had shared a marijuana cigarette that was being passed around by one of his cousins, who had returned for the funeral. He stated that he was unaware that the cigarette was laced with cocaine when he smoked it. Sells characterized his behavior as a "relapse" and requested placement in a drug and alcohol program. He argued he had been successful in counseling in *Page 4 
the past, that programs were available, and that he had otherwise been "a good citizen" who works full time and pays child support.
 {¶ 9} The court considered alternatives to incarceration, but it decided to revoke Sells' community control. The court noted that "no reasonable alternatives to incarceration were available because of the nature of Defendant's offenses and Defendant's repeated supervision violations." The court sentenced Sells to four years in prison.
 {¶ 10} In his sole assignment of error, Sells contends that the trial court abused its discretion when it rejected Sells' mitigation, revoked his community control, and imposed a four-year prison term.
 {¶ 11} "The right to continue on community control depends on compliance with community control conditions and `is a matter resting within the sound discretion of the court.'" State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, ¶ 7 (citation omitted); State v.Ault, Champaign App. No. 06-CA-19, 2007-Ohio-3435, ¶ 6.
 {¶ 12} We find no abuse of discretion in the trial court's revocation of community control. Sells violated the terms of his community control on two prior occasions. Both incidents involved substance abuse. Despite these violations, the trial court continued his community control in 2004 and 2005. In 2005, Sells was given the opportunity to participate in a residential program but he declined to participate. Sells' most recent community control violation also involved the use of illegal drugs. Although the trial court could have opted to re-impose community control sanctions, the trial court did not abuse its discretion by revoking community control in this case.
 {¶ 13} The assignment of error is overruled. *Page 5 
 {¶ 14} The judgment of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1